1999 OK 85

The STATE of Oklahoma, ex rel., Moshe TAL, resident taxpayer of The City of Oklahoma City; and Taxpayers Against Ripoffs ("T.A.R."), an initial association of thirteen resident taxpayers of the City of Oklahoma City, Oklahoma, Plaintiffs–Appellants,

v.

Ron NORICK, in his official capacity as former Mayor of the City of Oklahoma City and as the former Chairman of the Oklahoma City Public Works Authority; Kirk Humphreys, in his capacity as Mayor of the City of Oklahoma City, and as the Chairman of the Oklahoma City Public Property Authority; Mark Schwartz, Frosty Peak, Jack Cornett, Frances Lowrey, Jerry W. Foshee, Ann Simank, Willa Johnson and Guy Liebman, in their official capacities as the City council of The City of Oklahoma City, Oklahoma, and as the Board of Trustees of the Oklahoma City Public Works Authority; The City of Oklahoma City, Oklahoma, a municipal corporation; the Oklahoma City Public Property Authority, a public trust, with The City of Oklahoma City, Oklahoma, as its sole beneficiary; The Oklahoma City Athletic Club, Inc., an Oklahoma corporation, general partner of the Oklahoma City Athletic Club limited partnership; and John Does No. 1–20, Defendants–Appellees.

No. 93,273.

Supreme Court of Oklahoma.

Oct. 26, 1999.

Bryce S. Kennedy, Jr., Kennedy & Associates, Enid, Oklahoma, for Appellants.

William O. West, Municipal Counselor, and Daniel T. Brummitt, Land Use Division Head, Richard C. Smith, Litigation Division Head, Attorneys for The City of Oklahoma City, and Diane Lewis, Deputy Municipal

Counselor, City of Oklahoma City, for Appellee, Oklahoma City Public Property Authority.

Melvin R. McVay, Jr., Heather L. Hintz, Phillips, McFall McCaffrey, McVay & Murrah, Oklahoma City, Oklahoma, for Appellee, Oklahoma City Athletic Club.

### OPINION

WATT, Justice,

¶ 1 Appellants, Tal and the association calling itself "T.A.R.," dismissed most of the defendants named in the style of this appeal. The only remaining defendants, appellees here, are the former Mayor of Oklahoma City, Ron Norick, in his official capacity, The City of Oklahoma City, the Oklahoma City Public Property Authority, and the Oklahoma City Athletic Club. The trial court granted the motions to dismiss of the remaining defendants, the City and its former Mayor, the Public Property Authority, and the Athletic Club. Tal and T.A.R. appeal. Appellees moved that this Court retain this appeal on July 19, 1999 and we granted the motion on August 9, 1999.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 In 1993 the people of The City of Oklahoma City approved a special purpose sales tax to be used to construct improvements under the Oklahoma City Metropolitan Area Projects program, known as MAPS. Among those improvements was the Bricktown Ballpark. In 1996 Oklahoma City contracted with Boldt Construction Co. to build the Bricktown Ballpark. Oklahoma City leased the Bricktown Ballpark to the Oklahoma City Public Property Authority in 1997, which then subleased it to the Oklahoma City Athletic Club Limited Partnership. Under the sublease, the Athletic Club was to operate the Bricktown Ballpark for a period of ten years to be followed by three automatic five year renewals. The Public Property Authority and the Athletic Club amended the sublease in 1998 so that the Athletic Club could operate the Bricktown Ballpark for the 1998 season as a home for its AAA Minor League baseball team, the RedHawks, be-

cause certain conditions precedent to the original sublease becoming effective had not been satisfied but the parties wanted the team to use the park during the 1998 season despite the failure to satisfy these conditions precedent.

¶ 3 A group headed by Tal "submitted numerous proposals to the City, Authority and their Officers to develop Bricktown property ..." Plaintiffs' Second Amended Petition. These proposals were rejected in favor of proposals by competing bidders.

¶ 4 On September 9, 1998, following the City Counsel's rejection of the Tal group's proposals, Tal and T.A.R. filed a written demand under 62 O.S.1991 §§ 372 and 373, the qui tam statutes, demanding that Oklahoma City and the Public Property Authority rescind its contracts concerning the Bricktown Ballpark. T.A.R. claimed that the entire Bricktown Ballpark transaction was void because of inadequate consideration. Tal and T.A.R. filed a qui tam action against Oklahoma City and the Public Property Authority in which they claimed that the Ballpark transaction was invalid and claimed a right to money damages from the City.

¶ 5 In response to Tal's and T.A.R.'s written demand Oklahoma City and the Public Property Authority brought a declaratory judgment action against the Athletic Club on October 16, 1998. They sought a judgment declaring that the Bricktown Ballpark transaction was valid or, in the alternative, sought the return of the property if the transaction were found not to be valid. The Athletic Club filed its answer on November 10, 1998 in which it also alleged that the transaction was valid. Tal and T.A.R. twice amended their petition after Oklahoma City and the Public Property Authority had filed their action against the Athletic Club.

■ ¶ 6 Oklahoma City and the Public Property Authority moved to dismiss Tal's and T.A.R.'s second amended petition because Oklahoma City and the Public Property Authority had filed suit for declaratory judgment against the Athletic Club in response to Tal's and T.A.R.'s written demand. Tal and T.A.R. resisted the motion to dismiss on the ground that Oklahoma City's and the

Public Property Authority's action against the Athletic Club did not present a justiciable controversy because all parties to that action agreed that the transaction was valid. Tal and T.A.R. argued that the declaratory judgment action did not, therefore, serve to satisfy their written demand. Tal and T.A.R. also argued that the City's, and the Public Property Authority's contention that the transaction was valid showed that the City and the Public Property Authority could not be relied upon to prosecute the matter fairly and that Tal and T.A.R. should, therefore, be allowed to do so in their qui tam action. The trial court dismissed Tal and T.A.R.'s action on the ground that the issues raised by Tal and T.A.R. were under consideration by the court in the City's and the Public Property Authority's declaratory judgment action. A defendant may by motion interpose the pendency of other litigation as an impediment to going forward with the action then sought to be prosecuted. See 12 O.S.1991 § 2012(B)8; *Burks v. American Nat. Bank of Tulsa,* 89 Okl. 62, 213 P. 301 (1923).

### ISSUE

¶ 7 Did the trial court correctly dismiss Tal's and T.A.R.'s qui tam action as having been prematurely brought?

We answer the question "yes."

### DISCUSSION

■ ¶ 8 We addressed and disposed of issues substantially similar to those presented here in an earlier appeal involving Tal and another Bricktown project, *City of Oklahoma City v. Oklahoma City Urban Renewal Authority,* 1999 OK 71, 988 P.2d 901 (reh. den. September 30, 1999), *Tal I.* In *Tal I,* Tal and T.A.R. filed a written demand against the City, claiming that certain development agreements, other than those at issue here, were unlawful. The City then filed a declaratory judgment action against the other parties to the agreement in response to Tal's and T.A.R.'s demand. Both the City and the other parties to the agreements agreed in *Tal I* that those agreements were lawful. Although Tal and T.A.R. sought to intervene in the City's action in *Tal I* and did not prosecute an independent qui tam action, as

they have done here, the plaintiffs' theories in support of intervention in *Tal I* were substantially similar to those presented by plaintiffs here in support of their claimed right to prosecute a *qui tam* action.

¶ 9 In *Tal I* we held:

T.A.R. was not entitled to intervene in Oklahoma City's declaratory judgment action because Oklahoma City was representing the rights of all its taxpayers and was entitled to the presumption that it would do so in good faith. T.A.R. failed to overcome this presumption. Further, T.A.R. made no claim and the record would not support that Oklahoma City's suit was collusive or fictitious.

*Tal I,* 1999 OK 71 at ¶ 31. The arguments Tal and T.A.R. make here were fully discussed and disposed of in *Tal I.* The similarity between the record presented here and the record we considered in *Tal I* convinces us that there is no reason to restate here our reasoning in *Tal I.* We therefore hold that the trial court did not err in concluding that the qui tam action was prematurely brought.

### TRIAL COURT'S ORDER OF DISMISSAL AFFIRMED

HARGRAVE, V.C.J., HODGES, LAVENDER, OPALA, and KAUGER, JJ.—concur.

SUMMERS, C.J.—concurs in result.