2000 OK 70

The STATE of Oklahoma, ex rel., Moshe TAL, resident taxpayer of The City of Oklahoma City; and Taxpayers Against Ripoffs ("T.A.R."), an association of more than ten resident taxpayers of the City of Oklahoma City, Oklahoma, Plaintiffs–Appellants,

v.

The CITY OF OKLAHOMA CITY, Oklahoma, a municipal corporation; Ronald J. Norick, in his personal and official capacity as the former Mayor of the City; Kirk D. Humphreys, in his personal and official capacity as the Mayor of the City; James E. Thompson, in his personal and official capacity as Assistant City Manager & former MAPS Director; William O. West, in his personal and official capacity as City's' Assistant Municipal Counselor; Daniel T. Brummitt, in his personal and official capacity as City's Assistant Municipal Counselor; The Oklahoma City Urban Renewal Authority, a public body corporate; Tiana P. Douglas, in her personal and official capacity as the Executive Director of Urban Renewal; Stanton L. Young, Fred Jones Hall, J. Larry Nichols, Warren Gardener, and James R. Tolbert III, in his personal and official capacities as Commissioners of Urban Renewal; William (Bill) O. Johnstone, in his personal and official capacity as the former Commissioner of Urban Renewal; Dan Batchelor, in his personal and official capacity as legal counselor of Urban Renewal; Bricktown Parking Investors, L.L.C., an Oklahoma limited liability company; Bricktown–Tmk/Hogan Parking, L.L.C., an Oklahoma limited liability company; Okc Athletic Club Limited Partnership; Bap–Bricktown, L.L.C., an Oklahoma limited liability company; Tmk/Hogan Entertainment, L.L.C., an Oklahoma limited liability company; Torchmark Corporation (TMK), an Alabama corporation; Torchmark Development Corporation, and TMK In-

come Properties, both subsidiaries of TMK; Dan Randolph (Randy) Hogan; Edwards Theatres Circuit, Inc., a California corporation; Oklahoma Gas & Electric Company (OG & E), an Oklahoma Corporation; The Benham Group, an Oklahoma corporation; and John Does 1–50; Defendants–Appellees.

No. 94,874.

Supreme Court of Oklahoma.

Sept. 26, 2000.

Rehearing Denied Feb. 5, 2001.

Mary Gaye LeBoeuf, Oklahoma City, Oklahoma, for Plaintiffs–Appellants.

Melvin R. McVay, Jr., Robert N. Sheets, Heather L. Hintz, Ellen K. Spiropolous, Phillips, McFall McCaffrey, McVay & Murrah, Oklahoma City, Oklahoma, for Defendants–Appellees, Bricktown TMK/Hogan Entertainment, L.L.C., Bricktown Parking Investors, L.L.C., OKC Athletic Club, TMK/Hogan, Hogan Properties, and Dan Randolph Hogan.

John T. Edwards, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Oklahoma, for Defendant–Appellee, Torchmark Corporation.

Patrick M. Ryan, Phillip G. Whaley, Ryan & Whaley, Oklahoma City, Okl. for Defendant–Appellee, Edwards Theatres Circuit, Inc.

James F. Davis, Kieran D. Maye, Jr., Sheila D. Tims, L. Elizabeth Brown, Andrews, Davis, Legg, Bixler, Milsten, & Price, Oklahoma City, Oklahoma for Defendants–Appellees, The City of Oklahoma City, Oklahoma,

Ronald J. Norick, Kirk D. Humphreys, James E. Thompson, William O. West, and Daniel T. Brummitt.

James Dan Batchelor and Janis S. Powers, Batchelor & Powers, Oklahoma City, Oklahoma for Defendants–Appellees, Oklahoma City Urban Renewal authority, Authority Commissioners Stanton L. Young, Fred Jones Hall, J. Larry Nichols, Warren Gardner, James R. Tolbert III, former Commissioner William O. (Bill) Johnstone, Executive Director Tiana P. Douglas and General Counsel James Dan Batchelor.

Joseph H. Bocock, Robert J. Ross, McAfee & Taft, Oklahoma City, Okl. for Defendant–Appellee, Bap–Bricktown, L.L.C.

Rod L. Cook, Roberta Browning Fields, Patricia L. Franz, Rainey, Ross, Rice & Binns, Oklahoma City, Okl. for Defendant–Appellee, Oklahoma Gas & Electric Company (OG & E).

## OPINION

PER CURIAM,

¶ 1 On March 15, 2000, Plaintiffs, Moshe Tal and a group of Oklahoma City citizens he organized called Taxpayers Against Ripoffs (T.A.R.), filed suit against the City of Oklahoma City and many other defendants under the *Qui Tam* statutes, 62 O.S.1991 §§ 372 and 373.[1] Tal's and T.A.R.'s suit was based on a notice, denominated a "Written Demand," which they had filed with the City Clerk on January 12, 1999. Defendants moved to dismiss on the ground that this Court had held in *City of Oklahoma City v. Oklahoma City Urban Renewal Authority,* 1999 OK 71, 988 P.2d 901, *Tal I,* that Tal and T.A.R. lacked standing to prosecute a *Qui Tam* action. Prior to filing his Written Demand Tal had led a group that had made an unsuccessful bid to develop a part of the Bricktown project. The nature of the project and Tal's claims are spelled out in some detail in *Tal I.*

¶ 2 In *Tal I,* Tal and T.A.R. based their claims on the same Written Demand, dated January 12, 1999, that they rely on here. The issue in *Tal I* was whether Tal and T.A.R. had standing to intervene in a declaratory judgment action, which the City of Oklahoma City had filed in response to Tal

---

1. Title 62 O.S.1991 § 372 provides:

Every officer of the state and of any county, township, city, town or school district, who shall hereafter order or direct the payment of any money or transfer of any property belonging to the state or to such county, city, town or school district, in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for the state or any such county, city, town or school district, by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the state, county, city, town or school district affected, for triple the amount of all such sums of money so paid, and triple the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of the state or such county, city, town or school district, or of any resident taxpayer thereof, as hereinafter provided.

Title 62 O.S.1991 § 372 provides:

Upon the refusal, failure, or neglect of the proper officers of the state or of any county, township, city, town, or school district, after written demand made upon them by ten resident taxpayers of the state or such county, township, city, town, or school district, to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to the state, or such county, township, city, town, or school district, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent, or void contract made, or attempted to be made, by any of its officers for the state or any such county, township, city, town, or school district, or for the penalty provided in the preceding section, any resident taxpayer of the state or such county, township, city, town, or school district affected by such payment or transfer after serving the notice aforesaid and after giving security for cost, may in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action which the proper officers of the State, county, township, city, town, or school district might institute and maintain for the recovery of such property, or for said penalty; and such municipality shall in such event be made defendant, and one-half (½) the amount of money and one-half (½) the value of the property recovered in any action maintained at the expense of a resident taxpayer under this section, shall be paid to such resident taxpayer as a reward.

and T.A.R.'s Written Demand. We held that Tal and T.A.R. had no such right because,

> ... there is nothing in the record to reflect that Oklahoma City acted in bad faith. Its actions were taken under the glare of public scrutiny and were resisted by a significant minority of the City Council. That the disagreements among Council members were resolved in a way that Tal and the other T.A.R. members do not like does not support in any way T.A.R.'s claim that the Development Agreements were either fraudulent, unlawful, or otherwise inadequate.

*Tal I*, 1999 OK 71 at ¶ 20, 988 P.2d 901. Appellee's contended in their brief in support of their motions to dismiss that our opinion in *Tal I* precluded the re-litigation of Tal and T.A.R.'s claims because it determined that Tal and T.A.R. lacked standing to prosecute a *Qui Tam* action under their Written Demand of January 12, 1999 against the City and the other appellees. We agree.

¶ 3 In their brief in opposition to appellants' motions to dismiss, Tal and T.A.R. reargued the claims that they had unsuccessfully asserted in *Tal I*. They claimed that the City could not adequately represent Tal and T.A.R.'s interests and that the allegations in their Written Demand showed that they had a right to prosecute a *Qui Tam* action. Nowhere in their brief did Tal and T.A.R. attempt to explain why they had standing to prosecute a *Qui Tam* action under their Written Demand, although we had held in *Tal I* that they lacked standing to do so.

¶ 4 Tal and T.A.R. filed a second action that resulted in a second appeal in *Tal v. Norick*, 1999 OK 85, 991 P.2d 999, *Tal II*. There, Tal and T.A.R. brought another *Qui Tam* suit against the City and others that involved the Bricktown Ballpark project. In *Tal II* we affirmed the trial court, who had granted the defendants' motions to dismiss saying,

The arguments Tal and T.A.R. make here were fully discussed and disposed of in *Tal I*. The similarity between the record presented here and the record we considered in *Tal I* convinces us that there is no reason to restate here our reasoning in *Tal I*. We therefore hold that the trial court did not err in concluding that the *qui tam* action was prematurely brought.

*Tal II*, 1999 OK 85 at ¶ 9, 991 P.2d 999. We so held because we had previously held in *Tal I* that the City of Oklahoma City had adequately represented the interests of all its taxpayers, including the members of T.A.R., and was entitled to the presumption that it was doing so in good faith. In their brief Tal and T.A.R. disingenuously claimed that because the trial court in *Tal II* had dismissed their suit there because it was "premature," they had a right to bring this suit. But *Tal II* involved a different written demand and a different project. Further, we expressly held in *Tal II* that the issues in *Tal I* and *Tal II* were "substantially similar." *Tal II*, at ¶ 8. Nothing in *Tal II*, therefore, supports Tal and T.A.R.'s claim that they had a right to reassert here the claims they had made in *Tal I*.

¶ 5 Although, a central issue in this appeal is whether the appeal is a collateral attack on the judgment entered in *Tal I*, Tal and T.A.R. failed to fulfill the requirements of Part III of our petition in error form, which calls for information concerning "Related or Prior Appeals."[2] All prior appeals involving the same parties or involving the same issue must be divulged and *if there are none the appellant must so state.* Nevertheless, Tal and T.A.R. left blank this section of their petition in error.

¶ 6 We hold that Tal and T.A.R.'s *Qui Tam* action here raises issues that were disposed of in *Tal I*. The trial court, therefore, correctly dismissed Tal and T.A.R.'s suit. In *Tal I* we held that Tal and T.A.R. lacked standing to prosecute a *Qui Tam*

---

2. Part III of the petition in error form reads in its entirety as follows:

    III.   RELATED OR PRIOR APPEALS

List all prior appeals involving same parties or same trial court proceeding: _____

List all related appeals involving same issues:

_____

(Identify by Style, Appeal Number, Status, and citation, if any. *If none, so state.*)

Emphasis added.

action because they failed to make a showing that the City was not adequately representing their interests. That holding should have ended Tal and T.A.R.'s attacks against the City and the other participants in the Bricktown development projects but it did not do so. We hold that Tal and T.A.R.'s claims here were clearly and unequivocally disposed of in *Tal I*. Further, Tal and T.A.R. violated our rules in failing to divulge in their petition in error in this appeal the relationship between this appeal, *Tal I*, and *Tal II*.

■ ¶ 7 Finally, we address Tal and T.A.R.'s August 28, 2000 motion to strike the supplement to the record filed by OG & E. Tal and T.A.R. claim that OG & E's supplement should be stricken because OG & E's motion to dismiss was not ruled on in the trial court order dismissing the actions against the other defendants. We disagree.

¶ 8 Clearly, our ruling in *Tal I*, which we have reaffirmed here, stands for the proposition that Tal and T.A.R. lacked standing to prosecute *Qui Tam* actions arising from the Bricktown project, regardless of whom the individual defendants might be. Tal and T.A.R. have no more standing to prosecute a *Qui Tam* action against OG & E than they had to prosecute one against the other defendants to this appeal. Although we think this fact should by now be clear to Tal and T.A.R., we are concerned that Tal and T.A.R.'s pending motion might have been designed to create a circumstance that they believed would allow them to prosecute yet another appeal in this case after this one. Tal and T.A.R.'s motion to strike OG & E's supplement to the record is, therefore, denied.

¶ 9 We affirm the trial court's order dismissing Tal and T.A.R.'s action because Tal and T.A.R. lack standing to prosecute this action concerning the Bricktown project.

1. Rule 1.2 provides,

Compliance with these rules is required. In case of failure to comply with any rule or order of the Court, the Court may continue or dismiss a cause, reverse or affirm the judgment appealed, render judgment, strike a filing, assess costs or take any other action it deems proper.

2. Title 12 O.S. Supp.1996 § 995 provides:

**TRIAL COURT'S ORDER OF DISMISS-AL AFFIRMED**

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, KAUGER, BOUDREAU, and WINCHESTER, JJ.—concur.

WATT, J.—concurring in part, dissenting in part.

**OPINION CONCURRING IN PART
AND DISSENTING IN PART**

WATT, Justice,

¶ 1 I concur in the majority's conclusion that Tal and T.A.R.'s action giving rise to this appeal is barred as a result of our finding in *Tal I* that Tal and T.A.R. lacked standing to prosecute any further action concerning the Bricktown project. I dissent, however, because of the majority's failure to address what is to me quite clear: that Tal and T.A.R.'s conduct in filing and prosecuting this action is likely sanctionable. Tal and T.A.R. filed and continue to prosecute this appeal, despite the fact that the suit giving rise to this appeal is based on the same *Qui Tam* notice that this Court held more than a year ago failed to show Tal and T.A.R. had standing to prosecute a *Qui Tam* action. Further, this is but the latest episode in serial lawsuits and appeals by Tal and T.A.R. that have hindered the Bricktown project, including, according to appellees, the loss of investors who have refused to participate only because of this constant litigation. The potential losses to the Bricktown project participants created by this serial litigation cannot have been lost on Tal and T.A.R.

¶ 2 Sanctions in the form of additional costs and attorneys' fees are awardable under Rule 1.2, Oklahoma Supreme Court Rules;[1] 12 O.S. Supp.1996 § 995;[2] and 20

The Oklahoma Supreme Court or Court of Civil Appeals shall dismiss an appeal that is frivolous, and may impose sanctions against the appellant, the appellant's attorney, or both. The sanctions that may be imposed may include the reasonable expenses incurred because of the filing of the appeal, including a reasonable attorney's fee. The court shall dismiss a cross-appeal or an original proceeding that is frivolous and may impose sanctions as provided by this section.

O.S.1991 § 15.1,[3] for filing and prosecuting appeals that are non-meritorious, frivolous, or violate the Court's rules. It appears to me that Tal and T.A.R. have likely violated some or all of these provisions. Consequently I would have granted leave to appellees to file in the trial court motions for appropriate sanctions from the violation of the last cited statutes and Court Rule in the conduct of this appeal, and, should any of the appellees decide to file such motions, I would direct the trial court to hear and decide them. In this connection, I note that the trial court has granted appellees' motions for sanctions and attorneys' fees incurred as a result of Tal and T.A.R.'s conduct in having filed the suit in the first place.

¶3 In their August 28, 2000 motion to strike the supplement to the record filed by OG & E, Tal and T.A.R. claim that OG & E's supplement should be stricken because OG & E's motion to dismiss was not ruled on in the trial court order dismissing the actions against the other defendants. I concur in the majority's ruling denying that motion but it seems to me that a discussion of Tal and T.A.R.'s possible motives in filing their motion is in order.

¶4 Clearly, this Court's ruling in *Tal I*, which has been reaffirmed here, stands for the proposition that Tal and T.A.R. lacked standing to prosecute *Qui Tam* actions arising from the Bricktown project, regardless of whom the individual defendants might be. As noted by the majority, Tal and T.A.R. have no more standing to prosecute a *Qui Tam* action against OG & E than they had to prosecute one against the other defendants to this appeal. Although, it seems to me, this fact should by now be clear to Tal and T.A.R., I am concerned that Tal and T.A.R.'s August 28, 2000 motion might have been designed to create a circumstance that they believed would allow them to prosecute yet another appeal in this case after this one. On this score I observe that motions for sanctions for Tal and T.A.R.'s conduct in this case are presently pending and I would have

granted appellants leave *sua sponte* to file additional motions for sanctions. I would expect, therefore, that Tal and T.A.R. would engage in no more conduct designed to lengthen this litigation or any other arising from the Bricktown development.

¶5 I join in the majority's affirmation of the trial court's order dismissing Tal and T.A.R.'s action because Tal and T.A.R. lack standing to prosecute any action concerning the Bricktown project. I dissent because I would have remanded the matter to the trial court with instructions to hear and decide, under Rule 1.2, Oklahoma Supreme Court Rules; 12 O.S. Supp.1996 § 995 ; and 20 O.S.1991 § 15.1, any motions for sanctions or other appropriate relief that appellees may file arising out of Tal and T.A.R.'s conduct in their prosecution of this appeal.

---

**3.** Title 20 O.S.1991 § 15.1 provides:
   On any appeal to the Supreme Court, the prevailing party may petition the court for an additional attorney fee for the cost of the appeal. In the

event the Supreme Court or its designee finds that the appeal is without merit, any additional fee may be taxed as costs.