Travis E. VAN DYKE, Plaintiff,

v.

COLUMBIA MACHINE, INC., Defendant.

v.

Leprino Foods Company, Third–
Party Defendant.

No. 01–CV–6357L.

United States District Court,
W.D. New York.

Dec. 16, 2003.

John L. Perticone, Levene, Gouldin & Thompson, Vestal, NY, for Plaintiff/Third-Party Plaintiff.

F. Robert Michel, Preston & Michel, Rochester, NY, John R. Potter, Heurlin, Potter, Jahn, Leatham & Holtmann, Vancouver, WA, Michael A. Brady, Hagerty & Brady, Neil A. Goldberg, Goldberg Segalla LLP, Buffalo, NY, for Defendant/ThirdParty Defendant.

## *DECISION AND ORDER*

LARIMER, District Judge.

On February 18, 2003, I granted third-party defendant, Leprino Foods Company's ("Leprino") motion to dismiss the third-party complaint filed against it by defendant, Columbia Machine, Inc. ("Columbia"). Columbia now moves the Court to direct entry of a final Judgment as to the dismissal of the third-party complaint, pursuant to Fed. R.Civ.P. 54(b). Leprino opposes the motion and plaintiff, Travis E. VanDyke, takes no position on the application.

The motion is denied. The statute requires the Court to find that "there is no just reason for delay." Fed.R.Civ.P. 54(b). In light of controlling precedent in the Second Circuit, I am unable to make such a finding.

First of all, the Second Circuit has directed that a district court's decision to enter partial judgment pursuant to the section should be "exercised sparingly." *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir.2002); *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir.1987). In this regard, the Court has held that "[r]espect for the 'historic federal policy against piecemeal

appeals' requires that a Rule 54(b) certification not be granted routinely" and that "[t]he power 'should be used only in the infrequent harsh case' ... where there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal' ...." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128–29 (2d Cir.2000) (internal citations omitted). The policy behind this notion is to avoid redundant review of multiple appeals based on the same underlying facts and issues of law. Certification should be granted "only if there are 'interest[s] of sound judicial administration' and efficiency to be served." *Gidatex. v. Campaniello Imports, Ltd.*, 73 F.Supp.2d 345, 346 (S.D.N.Y.1999) (citing *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir. 1991)).

By its nature, the claim against Leprino is a contingent one. The action will only be prosecuted and liability established against it, if plaintiff is successful in the principal action against Columbia. If plaintiff falters and fails to establish liability against Columbia, then there will be no proceeding against Leprino. If this Court's February 18, 2003 Decision is certified, as Columbia requests, the Court of Appeals could expend energy and decide an issue that need never be resolved should plaintiff fail to prove his case against Columbia. Given its contingent nature, certification of such a claim is inappropriate. *Luckenbach Steamship Co. v. H. Muehlstein & Co.*, 280 F.2d 755 (2d Cir. 1960); *see also Interstate Power Co. v. Kansas City Power*, 992 F.2d 804 (8th Cir.1993) (Rule 54(b) certification of third-party contribution claim was an abuse of discretion, given that outcome of main action could moot entirely the judgment entered); *Cullen*, 811 F.2d at 711 ("where the resolution of the remaining claims could conceivably affect this Court's decision on the appealed claim ... the interlocutory order of dismissal should remain interlocutory ...."); *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1284 (6th Cir.1986) (Rule 54(b) certification not appropriate because third-party claim "by its very nature indemnity is collateral to and dependent upon a finding of liability ....").

The principal action is proceeding through discovery and the addition of several new third-party defendants. If the worst happens (from Columbia perspective) and a judgment is entered against Columbia, it can pursue the dismissal of the third-party claim when final judgment is entered in the case. If successful on appeal, Columbia can proceed to litigate the third-party action at that time. There is no need to try both actions in one proceeding. The trial of the third-party claim would no doubt be more limited since many issues necessary for resolution in the principal action would not need to be litigated in the third-party action (e.g., evidence concerning plaintiff's injuries and damages). *See Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025–26 (2d Cir.1992) (possibility of multiple trials was insufficient reason to warrant certification of appeal from dismissal of alleged joint tortfeasor).

## CONCLUSION

Columbia Machine Inc.'s motion (Dkt. # 47) to enter final judgment pursuant to Fed.R.Civ.P. 54(b) is denied.

IT IS SO ORDERED.