2005 OK 2

OKLAHOMA CITY URBAN RENEWAL AUTHORITY, a public body corporate, Plaintiff/Appellee/Appellant,

v.

The CITY OF OKLAHOMA CITY, OK, a municipal corporation, Defendant and Third–Party Plaintiff/Appellee/Appellant,

v.

Moshe Tal, a resident taxpayer of The City of Oklahoma City, OK, and Taxpayers for Honest Government, an unincorporated association of resident taxpayers of the City of Oklahoma City, OK, Third–Party Defendants/Appellants/Appellees and Qui Tam Counterclaim Plaintiffs,

v.

Oklahoma City Urban Renewal Authority, a public body corporate, Qui Tam Counterclaim Defendant,

and

The State of Oklahoma ex rel. Moshe Tal and Taxpayers for Honest Government, Qui Tam Third–Party Plaintiffs/Appellants/Counter–Appellees,

v.

Kirk D. Humphreys, in his personal and official capacity as the Mayor of the City, James D. Couch, in his personal capacity as the City Manager & MAPS Director, James E. Thompson, in his personal and official capacity as Assistant City Manager; William R. Burkett, in his personal and official capacity as City Municipal Counselor; William O. West, in his personal and official capacity as former City Municipal Counselor; Daniel T. Brummitt, Kenneth D. Jordan, Richard C. Smith, and Diane Lewis, in their personal and official capacities as Assistants and/or deputies to Municipal Counselor; Mick Cornett, Lawrence F. McAtee, Jr., Ann Simank, Willa Johnson, and Guy Liebmann, in their personal and official capacities as Councilpersons of the City; Amy U. Brooks, in her personal and official capacity as former City Councilwoman, Tiana P. Douglas, in her personal and official capacity as the Executive Director of Urban Renewal; James R. Tolbert III, Fred Jones Hall, J. Larry Nichols, Stanton L. Young, and Warren Gardner, in their personal and official capacities as Commissioners of Urban Renewal; James (Dan) Batchelor, and Leslie V. Batchelor, in their personal and official capacities as legal counselor of Urban Renewal; Bass Pro, Inc.; Bass Pro Outdoor World, L.L.C.; Gaylord Entertainment Company; The Estate of Edward L. Gaylord (deceased); Dan Randolph Hogan; Mark D. Elgin; TMK/Hogan Joint Venture and/or commercial Real Estate Services Joint Venture; Bricktown TMK/Hogan Entertainment, L.L.C. (a.k.a. Bricktown Entertainment, L.L.C.), Hogan Property Management, L.L.C.; Bricktown Parking Investors, L.L.C., Bricktown–TMK/Hogan Parking, L.L.C. (a.k.a. Bricktown SMC/Hogan, L.L.C.); BAP–Bricktown, L.L.C.; Stonegate Management Company, L.L.C.; Elgin Development Company, L.L.C.; TDC Company, L.L.C.; Oklahoma City Athletic Club, Inc.; OKC Athletic Club L.P.; Clayton Bennett; Tim O'Toole; The City of Oklahoma City; and John Does No. 1–50, Qui Tam Third–Party Defendants, with Qui Tam Third Party Defendants Burkett, Brummitt, Jordan, Smith, Lewis, James (Dan) Batchelor and Leslie V. Batchelor Qui Tam Third–Party Defendants/Appellees/Counter–Appellants and Qui Tam Third–Party Defendant William O. West Qui Tam Third–Party Defendant/Appellee.

Nos. 100,413, 100,538.

Supreme Court of Oklahoma.

Jan. 11, 2005.

As Corrected on Denial of Rehearing March 28, 2005.

Leslie V. Batchelor, James Dan Batchelor, Oklahoma City, OK, for Qui Tam Third–PartyDefendants/Appellees/Counter–Appellants, James Dan Batchelor and Leslie V. Batchelor and Plaintiff/Appellant Oklahoma City Urban Renewal Authority.

Moshe Tal, pro se.

James E. Dunn, Oklahoma City, OK, For Third–Party Defendants/Appellants/Appellees and Qui Tam Counterclaim Plaintiffs, Qui Tam Third–Party Plaintiffs/Counter–Appellees, Taxpayers for Honest Government.

Kenneth D. Jordon, Richard C. Smith, Oklahoma City, OK, for Defendant/Third–Party Plaintiff/Appellant/The City of Oklahoma City and Qui Tam Third–Party Defendants/Appellees/Counter–Appellants William R. Burkett, Daniel T. Brummitt, Kenneth D. Jordon, Richard C. Smith and Diane Lewis and Qui Tam Third–Party Defendant/Appellee William O. West.

KAUGER, J.

¶1 We retained this cause to address whether the trial court erred in advancing several orders for appeal pursuant 12 O.S. 2001 § 994[1] in a multi-claim/multi-party

---

1. Title 12 O.S.2001 § 994 provides in pertinent part:

"A. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment, decree, or final order as to

cause. We hold that because the orders appealed from either left issues pending on advanced claims or were so interrelated and intertwined with the pending claims, the trial court prematurely advanced the orders.[2]

## PROCEDURAL HISTORY AND FACTS

¶2 This cause concerns another of the challenges to the development of an area in Oklahoma City, Oklahoma, known as Bricktown, brought by Moshe Tal (Tal)[3] and a group of Oklahoma City citizens, Taxpayers for Honest Government (Taxpayers).[4] On February 25, 2003, Taxpayers, pursuant to the *qui tam* statutes, 62 O.S.2001 §§ 372–373,[5] sent a written demand to the Oklahoma City Urban Renewal Authority (Authority) and the City of Oklahoma City (City). It challenged the legality of a lease, a redevelopment agreement, and a use tax appropriation and it included various allegations including illegal sales of property, self dealing, conflicts of interest, conspiracy, racketeering, and fraud. On April 2, 2003, the Authority, in response to the written demand, filed a petition for declaratory judgment against the City in Oklahoma County.[6] The Authority sought a determination concerning the validity of the challenged transactions.

¶3 On April, 3, 2003, the City filed a third-party petition for declaratory judgment

---

one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment, decree, or final order. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk...."

2. Because the appeals are dismissed as premature, we express no opinion regarding the merits of the case.

3. While there have been many other causes brought by Tal, there are four primary causes which have previously been decided by this Court. *Oklahoma City v. Oklahoma City Urban Renewal Authority*, 1999 OK 71, 988 P.2d 901, *Tal I* [Attempt to intervene in a declaratory judgment action between the City of Oklahoma City and the Oklahoma City Urban Renewal Authority.]; *State ex rel. Tal. v. Norick*, 1999 OK 85, 991 P.2d 999, *Tal II* [Dismissal of Tal's *qui tam* action against the City and the Oklahoma City Public Property Authority.]; *State ex rel. Moshe Tal. v. City of Oklahoma City*, 2000 OK 70, 19 P.3d 268, *cert. denied* 534 U.S. 814, 122 S.Ct. 40, 151 L.Ed.2d 13 (2001), *Tal III* [Standing to assert *qui tam* action.]; *State ex rel. Moshe Tal v. City of Oklahoma City*, 2002 OK 97, 61 P.3d 234, *Tal IV* [Attempted recovery of attorney fees.].

4. Taxpayers for Honest Government was previously known as Taxpayers Against Ripoffs.

5. Title 62 O.S.2001 § 372 provides in pertinent part:
"Every officer of the state and of any ... city ... who shall hereafter order or direct the payment of any money or transfer of any property belonging to the state or to such ... city ... in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for the state or any such ... city ... by any officer thereof, and every person having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable ... for triple the amount of all such sums of money so paid, and triple the value of property so transferred, as a penalty ... "

Title 62 O.S.2001 § 373 provides in pertinent part:
"Upon the refusal, failure, or neglect of the proper officers of the state or of any ... city ..., after written demand signed, verified and served upon them by ten resident taxpayers of the state or such ... city ... to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to the state, or such ... city ... paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent, or void contract made, or attempted to be made, by any of its officers for the state or any such county, township, or for the penalty provided in the preceding section, any resident taxpayer of the ... city ... affected by such payment or transfer after serving the notice aforesaid and after giving security for cost, may in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action which the proper officers of the State, ... city ... might institute and maintain for the recovery of such property...."

6. Title 12 O.S.2001 § 1651, *et seq.*

against Tal and Taxpayers, alleging that the written demand was invalid because it was unverified.[7] Tal and Taxpayers counter-claimed asserting a *qui tam* claim and reasserting all of the previous allegations. On May 27, 2003, Taxpayers also filed a third-party *qui tam* petition against numerous officials, attorneys, and other involved parties.

¶4 Subsequently, various motions to dismiss/strike the petitions and motions for summary judgment were filed by the parties. The trial court, in a September 9, 2003, journal entry granted summary judgment in favor of the City and the Authority. It determined that the transactions were lawful under the Oklahoma statutes and advanced its ruling for appeal pursuant to 12 O.S.2001 § 994.[8]

¶5 On January 29, 2004, the trial court issued several orders which: 1) declined to strike the third-party *qui tam* petition or to dismiss the *qui tam* counterclaims; 2) dismissed the *qui tam* action against the third-party defendant attorneys representing the parties involving the various disputed transactions; 3) determined that a good faith effort was made to verify the written demand; and 4) declined to dismiss the *qui tam* third-party petition against the City, or third-party defendant's Humphreys and Liebmann. In another order filed March 9, 2004, the trial court reaffirmed its September 9, 2003, order, upheld the lease and the use tax appropriation as constitutional, and advanced the ruling for appeal.

¶6 On March 10, 2004, the trial court denied the motion for a new trial concerning the lease and the use tax appropriation, but granted it regarding the redevelopment agreement based on newly discovered evidence. It also vacated its previous advancement of the September 9, 2003, order for appeal, and then advanced its denial of the new trial for appeal.

¶7 On March 1, 2004, Tal filed an appeal (No. 100,413), seeking review of the September 9, 2003, order, and a January 29, 2004, order which dismissed the third party defendant attorneys. On March 9, 2004, the *qui tam* third-party defendant attorneys filed a counter-petition in error also seeking review of a January 29, 2004, order.[9] Tal filed

---

7. The City insists that the written demand first presented by Tal on February 25, 2003, was not properly verified and therefore did not comply with the statutory requirements of 62 O.S.2001 § 373, see note 5, supra. On March 18, 2003, Tal filed a "First Amended Written Demand" in an attempt to verify the first written demand. The City alleged that the amended demand was also insufficient because it contained no *jurat*. On March 26, 2003, Tal sent a supplemental signature verification of the first written demand, which the City also insists is insufficient. The trial court determined that a good faith effort was made to verify the demand. Nevertheless, we need not decide the issue of whether the alleged "unverified" demand precludes the resolution of the merits of this cause because the City responded to the demand by filing the declaratory judgment action, insisting that it was expressly and actively responding to the written demand, and interpleading Tal into the cause.

8. Title 12 O.S.2001 § 994, note 1, supra.

9. Both, the third-party defendant attorneys and Tal and the Taxpayers separately appealed the January 29, 2004, orders which dismissed the third-party defendants. The third-party defendants did not challenge their dismissal, but instead argued that the trial court erred by not dismissing all the other defendants as well. Tal and the Taxpayers, among their numerous allegations of error in their petition in error argued

that the trial court erred in dismissing the third-party defendants. On March 22, 2004, Tal and the Taxpayers filed a motion to dismiss the third-party defendants counter-appeal, arguing that it was untimely and that the only issue in the order advanced for appeal pursuant to 12 O.S.2001 § 994, see note 1, supra, was the dismissal of the third-party attorneys, and not the other third-party defendants. We need not address either parties' arguments regarding the order for two reasons. First, the order only dismissed the third-party defendants from the case, and no other issue was advanced for review. While the dismissal of *qui tam* defendants which leaves them out of the suit with no other claims pending against them is an appealable order [see, *State ex rel. Trimble v. City of Moore*, 1991 OK 97, ¶16–17, 1991 OK 98, 818 P.d 889] the portion of the order refusing to dismiss the other defendants is merely a non-final, interlocutory non-appealable order. See discussion page 8, infra. Second, Tal and the Taxpayers did not brief the issue of dismissal of the third-party defendant attorneys and thus, we deem the issue waived. *Johnson v. Ford Motor Co.*, 2002 OK 24, ¶1, n. 2, 45 P.3d 86; *Hadnot v. Shaw*, 1992 OK 21, ¶7, 826 P.2d 978. Naked argument unsupported by facts or authority is without merit and will be treated as waived. *Tiger Flats v. Oklahoma Petroleum*, 1985 OK 105, ¶8, 711 P.2d 106. Okla. Sup.Ct. R. 1.11(k) provides:

"(1) Appeals. Issues raised in the Petition in Error but omitted from the brief may be

a supplemental petition in error on March 22, 2004, seeking review of the orders filed March 9, 2004, and March 10, 2004, and dismissal of the *qui tam* third-party defendant's counter-appeal. On April 7, 2004, the City filed an appeal, (No. 100,538), also seeking review of the trial court's March 10, 2004 order. The next day, the Authority appealed the same order. On April 27, 2004, both causes were consolidated, and we granted a motion to retain. The briefing cycle was completed June 14, 2004.

## ¶8 BECAUSE THE ORDERS APPEALED EITHER LEFT ISSUES PENDING ON ADVANCED CLAIMS OR WERE SO INTERRELATED AND INTERTWINED WITH THE PENDING CLAIMS, THE TRIAL COURT PREMATURELY ADVANCED THE ORDERS.

¶9 The Authority and City contend that after the trial court advanced the Sep-

tember 9, 2003, order, pursuant to 12 O.S. 2001 § 994,[10] Tal did not file a post-trial motion for new trial within 10 days of the September 9, 2003, order to extend its appeal time;[11] file a term-time motion to vacate within 30 days of the order;[12] or appeal the order.[13] They insist that the order was a non-reviewable, final judgment, and that the trial court: 1) improperly extended the appeal time of the September 9, 2003, order by vacating its § 994 certification, reaffirming its rulings regarding the lease and use tax appropriation, and reinstating a new § 994 advancement;[14] and 2) abused its discretion

deemed waived. Argument without supporting authority will not be considered."

10. Title 12 O.S.2001 § 994, see note 1, supra.

11. Title 12 O.S.2001 § 990.2 provides in pertinent part:
"... When a post-trial motion for a new trial, for judgment notwithstanding the verdict, or to correct, open modify, vacate or reconsider a judgment, decree or final order, other than a motion involving costs, attorney's fees or interest is filed within ten (10) days after the judgment, decree or final order, other than a motion involving costs, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk....
The time to appeal from a judgment, decree or final order is not extended or affected by the filing of a motion to correct, open, modify, vacate or reconsider the judgment, decree or final order that is filed more than ten (10) days after the judgment, decree or final order is filed with the clerk of the trial court, and an appeal that is commenced before such a motion is filed is not premature...."

12. Title 12 O.S.2001 § 1031.1 provides in pertinent part:
"A. A court may correct, open, modify or vacate a judgment, decree, or appealable order on its own initiative not later than thirty (30) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk....
B. On motion of a party made not later than thirty (30) days after a judgment, decree, or appealable order prepared in conformation with Section 696.3 of this title has been filed with the court clerk, the court may correct, open, modify, or vacate the judgment, decree or appealable order...."

13. Oklahoma Supreme Court Rule 1.21(a) provides in pertinent part:
"... An appeal from the district court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S.2001 § 696.3 was filed with the clerk of the district court. 12.O.S.2001 § 990A...."
Title 12 O.S. Supp.2002 § 990A provides in pertinent part:
"A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court...."

14. A trial court is without authority to vacate or modify a judgment to extend the statutory time to commence an appeal. *Lucas v. Bishop*, 1995 OK 7, ¶7, 890 P.2d 411. Appeal time trigger is governed by statutory time limits and once an appealable event has occurred, the trial judge is without authority to extend the appeal time by any means or in any manner. *Bivins v. State ex rel. Oklahoma Memorial Hospital*, 1996 OK 5, ¶16, n. 34, 917 P.2d 456; *Manning v. State ex rel. Department of Public Safety*, 1994 OK 62, ¶8, 876 P.2d 667. Nevertheless, had the September 9, 2003, order fallen under the rubric of title 12 O.S.2001 § 952 as an interlocutory order appealable by right or certified by the trial court that the order affected a substantial part of the merits of the controversy and that an immediate appeal may materially advance the ultimate termination of the litigation, then the failure to appeal from that order would not preclude the assertion of

in partially granting a new trial. Tal insists that: 1) the trial court was acting within its authority when it modified the prior § 994 certification; 2) failure to appeal the September 9, 2003, order does not preclude its review; and 3) the trial court's grant of a partial new trial was proper.

 ¶ 10 Title 12 O.S.2001 § 994,[15] governs the certification of decided claims which are sought to be reviewed in advance of a judgment that disposes of all the claims in the litigation, when there is no just reason for delay.[16] In multi-claim/multi-party cases, when one complete claim (or more) has been fully decided, but other claims stand unresolved, the court may advance the decided claim(s) for immediate review.[17] In the absence of such a certification for advancement, the order is subject to revision any time before all of the claims of all of the parties have been finally adjudicated,[18] and it is not appealable prior to adjudication of all of the remaining claims for damages.[19]

 ¶ 11 A judgment is unsuitable for § 994 certification when the court disposes of but a portion of the contest by leaving unresolved any issue on the merits of the partly-decided claim.[20] Nor can the trial court advance an order if the unadjudicated claim(s) arise from the same transaction or occurrence as the adjudicated claim[21] —ie. the trial court must have adjudicated some legally severable claim which was completely decided.[22]

 ¶ 12 While the trial court is permitted to determine the appropriate time

errors in the order after a judgment or final order is entered. Section 952 provides in pertinent part:

"... (b) The Supreme Court may reverse, vacate or modify any of the following orders ... 2. An order that discharges, vacates, or modifies or refused to vacate or modify a provisional remedy which affects the substantial rights of a party; or grants, refuses, vacates, modifies or refuses to vacate or modify an injunction; grants or refuses a new trial; or vacates or refuses to vacate a final judgment; 3. Any other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; ... The failure of a party to appeal from an order that is appealable under either subdivision 2 or 3 of subsection (b) of this section shall not preclude him from asserting error in the order after the judgment or final order is rendered."

15. Title 12 O.S.2001 § 994, see note 1, supra.

16. *May–Li Barki, M.D., Inc. v. Liberty Bank and Trust Co.,* 1999 OK 87, ¶ 1 n. 1, 20 P.3d 135 (Supplemental opinion on rehearing.). By statutory definition a judgment is the final determination of the rights of the parties in an action. 12 O.S.2001 § 681. By force of § 681, a true judgment cannot be pronounced until all the issues between the parties in an entire action have been resolved. *Eason Oil Co. v. Howard Engineering,* 1988 OK 57, ¶ 4, 755 P.2d 669. There can only be one "judgment" or one final judicial determination upon a single cause of action. *Federal Deposit Ins. Corp. v. Tidwell,* 1991 OK 119, ¶ 5, 820 P.2d 1338. Upon entry of a judgment the cause of action is merged into the judgment and the cause of action ceases to exist. *Johnson v.*

*State ex rel. Department of Public Safety,* 2000 OK 7, ¶ 9, 2 P.3d 334.

17. Title 12 O.S.2001 § 994, see note 1, supra.; *May–Li Barki, M.D., Inc. v. Liberty Bank and Trust Co.,* see note 16, supra at ¶ 2, n. 4.

18. Title 12 O.S. § 994, see note 1, supra. See, *Davis v. Gray,* 1994 OK 60, ¶ 4, 875 P.2d 1145 (Discussing 12 O.S.1991 § 1006 which was recodified as 12 O.S. Supp.1993 § 994.). An uncertified ruling could not be considered a judgment, but would be treated as an intermediate order, which remains within the trial judge's compete control to modify or alter it at any time before judgment. See, *L.C.R., Inc. v. Linwood Properties,* 1996 OK 73, ¶ 11, 918 P.2d 1388.

19. *Chandler v. Tyree,* 2004 OK 16, ¶ 9, 87 P.3d 598; *Liberty Bank and Trust Co. of Oklahoma City v. Rogalin,* 1996 OK 10, ¶ 10, 912 P.2d 836.

20. *May–Li Barki, M.D., Inc. v. Liberty Bank and Trust Co.,* see note 16, supra at ¶ 3. See, *Tinker Investment Mortgage Corp. v. Midwest City,* 1994 OK 41, ¶ 7, 873 P.2d 1029. See also, *Tolson v. United States,* 732 F.2d 998, 1001 (D.C.Cir.1984) [No appeal may be advanced under Federal Rule 54(b) (which is similar to 12 O.S.2001 § 994(A), see note 1, supra) when fewer than all issues based on the same transaction have been resolved].

21. *Liberty Bank and Trust Co. of Oklahoma City v. Rogalin,* see note 19, supra; *DeLuca v. Mountain States Financial Resources Corp.,* 1992 OK 30, ¶ 1, 827 P.2d 171.

22. *L.C.R., Inc. v. Linwood Properties,* see note 18, supra at ¶ 12; *Lykins v. Saint Francis Hospital, Inc.,* 1995 OK 135, ¶ 4, n. 8, 917 P.2d 1.

**558**

when each final decision upon which one or more, but less than all of the claims in a multiple claims action is ready for appeal,[23] an appellate court is not required to accept a trial court's direction for entry of judgment.[24] As a prerequisite to certification, the trial court must evaluate whether there is any just reason to delay the appeal of an individual final judgment(s).[25] The trial court is required to balance judicial administrative interests and relevant equitable concerns. Our review of the trial court's evaluation is for an abuse of discretion.[26]

## A. Advancement of the September 9, 2003, and January 29, 2004, orders.

¶ 13 It appears from the record that the September 9, 2003, order was prematurely advanced by the trial court because the summary judgment on the declaratory judgment claims left unresolved issues on the partially-decided claims. For instance, the appellate record shows that the trial court, when considering the declaratory judgment action at the summary judgment stage on July 16, 2003, held in abeyance any determination as to the constitutional infirmity of any of the transactions it was considering.[27] Because the September 9, 2003, order left unresolved issues of the partly-decided judgment claim, the order was at that point nothing more than an intermediate or interlocutory order which is not an appealable order,[28]

23. See, *Davis v. Gray*, note 18, supra; *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899–901, 100 L.Ed. 1297 (1956) (Discussing Federal Rule 54(b), the rule on which 12 O.S.2001 § 994(a) is modeled after, likens the trial court to a dispatcher and notes that the timing of release is vested in the trial court, with any abuse of that discretion remaining reviewable on appeal.).

24. This is so, in part, because the trial court cannot, in the exercise of its discretion, treat as final that which is not truly final. *Sears, Roebuck & Co. v. Mackey*, note 23, supra (Recognizing that the district court cannot, in the exercise of its discretion, treat as final that which is not final.). See also, *May–Li Barki, M.D., Inc. v. Liberty Bank and Trust Co.*, note 16, supra (There can be no judgment suitable for § 994 certification when the court disposes of but a portion of the contest by leaving unresolved any issue on the merits of the partly-decided claim.).

25. Title 12 O.S.2001 § 994, see note 1, supra.

26. We have previously looked to federal law as instructive when evaluating the advancement of appeals pursuant to 12 O.S. § 994, see note 1, supra, and its predecessor statute from which it was renumbered, 12 O.S.1991 § 1006, because the statute had its genesis in Fed.R.Civ.P. 54(b). *Tinker Investment Mortgage Corp. v. Midwest City*, 1994 OK 41, ¶ 7, n. 19, 873 P.2d 1029 [Federal Rule 54(b) jurisprudence is instructive, if not indeed binding, since § 1006 had its genesis in Rule 54(b)]. Federal courts recognize the purpose of the rule is to balance judicial administrative interests and relevant equitable concerns. *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir.2001); *Jalapeno Property Management, LLC, v. Dukas*, 265 F.3d 506, 512 (6th Cir.2001); *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (1st Cir.1988). Strict adherence to the requirements for certification promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of the case. *Oklahoma Turnpike Authority v. Bruner*, supra; *Van Dyke v. Columbia Machine*, 220 F.R.D. 194, 195 (W.D.N.Y.2003). Review of advancements under Rule 54(b) is for an abuse of discretion. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 238 (2nd Cir.2002); *Oklahoma Turnpike Authority v. Bruner*, supra. Examination is required of the sufficiency of the trial court's assessment of: 1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims; and 2) any equities and efficiencies implicated by the requested piecemeal review. *Credit Francais International v. Bio–Vita, LTD.*, 78 F.3d 698, 706 (1th Cir.1996); *Kersey v. Dennison Manufacturing Co.*, 3 F.3d 482, 485 (1993).

27. Prior to the July 16, 2003, hearing constitutional challenges were raised. For example, the written demand raised constitutional challenges to the transactions and the Taxpayers, in their response to the Authority's and City's motion for summary judgments, also specifically argued that the use tax appropriation violated several laws including the provisions of the Oklahoma Constitution. After the hearing, the Taxpayers also renewed constitutional challenges in their consolidated motions filed August 22, 2003.

28. *Liberty Bank and Trust Co. v. Rogalin*, see note 19, supra at ¶ 11, n. 3; *Reams v. Tulsa Cable Television, Inc.*, 1979 OK 171, ¶ 3, 604 P.2d 373. The Authority and the City sought to appeal of partial grant of new trial under Oklahoma Supreme Court Rule 1.40 which provides in pertinent part:

"... (d) Orders Granting a New Trial or Vacating Judgment. An order granting a new trial or vacating a judgment based upon any ground, including that of newly discovered evidence or the impossibility of making a record

and it remained under the plenary control of the trial judge to modify or vacate.[29]

### B. Advancement of the March 9 and 10, 2004 orders.

 ¶ 14 Eventually, in the March 9 and 10, 2004, orders the trial court: 1) upheld two of the disputed transactions—the lease and the use tax appropriation—as constitutional; and 2) granted a partial new trial regarding the redevelopment agreement. Nevertheless, we determine that the trial court abused its discretion in finding that there was no just reason for delay in advancing the March 9, and 10, 2004, orders prior to a final adjudication of all of the remaining claims.

¶ 15 This is so because the *qui tam* claims, with the exception of the claim asserted against the third-party defendant attorneys, are still pending. The obvious function in filing the declaratory judgment suit was to divert the filing of a *qui tam* suit by reaching the same issues which would have been decided, had a *qui tam* suit become necessary. The declaratory judgment claims and the still pending *qui tam* claims, under the facts of this case, largely involve the same transactions and occurrences, an identity of parties, and an identity of facts—both actions were brought to resolve the challenges in the written demand.

 ¶ 16 In short, because the declaratory judgment claims and the *qui tam* claims [30] arise from the same transactions or occurrences they are, in terms of judicial efficiency interrelated and intertwined. Because the claims have so much factual overlap, for the purpose of requiring their adjudication prior to an appeal they should be treated as the functional equivalent of non-severable claims.[31] In the cause before us, this demands that in order to serve the most judicially efficient means of reviewing all of the issues involved, the trial court must completely adjudicate all of the claims as a prerequisite to an appeal. Accordingly, the appeals should be dismissed as premature.

### CONCLUSION

 ¶ 17 In multi-party/multi-claim cases, advancement of orders pursuant to 12 O.S.2001 § 994 [32] requires that: 1) the order be final and fully dispose of one complete claim (or more), leaving no unresolved issue on the merits of the claim; [33] and 2) a determination of "no just reason for delay" in advancing the order prior to an adjudication

---

(12 O.S.1991 § 655) is an interlocutory order appealable by right (12 O.S.1991 § 952(b)(2))...."
Title 12 O.S.2001 § 993 provides in pertinent part:
"A. When an order: ...
7. Grants a new trial or opens or vacates a judgment or order, the party aggrieved thereby may appeal the order to the Supreme Court without awaiting the final determination in said cause, by filing the petition in error and the record on appeal with the Supreme Court within thirty (30) days after the order prepared in conformance with Section 696.3 of this title, is filed with the court clerk...."
However, an adjudication of a motion for new trial addressed to an interlocutory order is not appealable. *Chandler v. Tyree,* see note 19, supra at ¶ 9, n. 4; *L.C.R., Inc. v. Linwood Properties,* see note 18, supra at ¶ 11, n. 19; *Jones v. Tubbs,* 1993 OK 118, ¶ 7, 860 P.2d 234.

29. *L.C.R., Inc. v. Linwood Properties,* see note 18, supra. *Liberty Bank and Trust Co. v. Rogalin,* see note 19, supra; *Reams v. Tulsa Cable Television, Inc.,* see note 28, supra.

30. A *qui tam* action is not a "cause of action," but a statutory remedy for recovery of a penalty for the commission or omission by a public official of a certain act based upon particular transactions or occurrences. See, *State ex rel. Fent v. State ex rel. Oklahoma Water Resources Board,* 2003 OK 29, ¶ 1, n. 1, 66 P.3d 432; *City of Oklahoma City v. Oklahoma City Urban Renewal Authority,* 1999 OK 71, ¶ 2, 988 P.2d 901; *State ex rel. Brown v. City of Warr Acres,* 1997 OK 117, ¶ 1, n. 1, 946 P.2d 1140.

31. Not all final judgments on individual claims in multi-claim actions should be immediately appealable, even if they are in some sense separable from remaining unresolved claims. *Curtiss–Wright Corp. v. General Electric Co.,* see note 26, supra. See, *Spiegel v. Trustees of Tufts College,* see note 26, supra at p. 45 [A similarity of either legal or factual issues (or both) militates strongly against advancement. It is not sound judicial administration for an appellate court and a trial court to be simultaneously passing upon different legal theories in a situation involving the same parties and basically the same facts.].

32. Title 12 O.S.2001 § 994, see note 1, supra.

33. *May–Li Barki, M.D., Inc. v. Liberty Bank and Trust Co.,* see note 16, supra at ¶ 3. See, *Tinker Investment Mortgage Corp. v. Midwest City,* note 20, supra; *Tolson v. United States,* see note 20, supra.

of all remaining claims.[34] An assessment of "no just reason for delay" must at least include consideration of: 1) the interrelationship or overlap among the various legal and factual issues involved in the advanced and pending claims; and 2) the equities and efficiencies implicated by the requested piecemeal review.[35] Review of the assessment of "no just reason for delay" is for an abuse of discretion.[36] Because the orders appealed either left issues pending on advanced claims or were so interrelated and intertwined with the pending claims as to defeat judicial efficiency, the trial court prematurely advanced the orders.

**THE APPEALS ARE DISMISSED AS PREMATURE; CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

ALL JUSTICES CONCUR.

---

**34.** Title 12 O.S.2001 § 994, see note 1, supra.

**35.** *Oklahoma Turnpike Authority v. Bruner*, see note 26, supra; *Jalapeno Property Management, LLC, v. Dukas*, see note 26, supra; *Spiegel v. Trustees of Tufts College*, see note 26, supra; *Van Dyke v. Columbia Machine*, see note 26, supra.

**36.** *Curtiss–Wright Corp. v. General Electric Co.*, see note 26, supra; *Smith v. Local 819 I.B.T. Pension Plan*, see note 26, supra; *Oklahoma Turnpike Authority v. Bruner*, see note 26, supra. Examination is required of the sufficiency of the trial court's assessment of: 1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims; and 2) any equities and efficiencies implicated by the requested piecemeal review. *Credit Francais International v. Bio–Vita, LTD.*, see note 26, supra; *Kersey v. Dennison Manufacturing Co.*, see note 26, supra.