**MYERS v. GARLAND et al.**

No. 17752—Opinion Filed Jan. 25, 1927.

(Syllabus.)

### Abatement and Revival—Plea to Jurisdiction Because of Another Action "Pending."

Where a plea to the jurisdiction of a court is interposed because of another action pending between the same parties on the same alleged facts, the action so pleaded is to be deemed pending if it be in a court which has jurisdiction of actions of that class or character, although there be a question not yet finally adjudicated as to the jurisdiction of that particular court over the parties or of the particular causes pleaded.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by F. F. Myers against R. F. Garland and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Twyford & Smith, for plaintiff in error.

Disney, Wheeler & Alcorn, for defendants in error.

BRANSON, C. J. Herein is presented error from the district court of Tulsa county. Judgment in favor of the defendant R. F. Garland, and against the plaintiff, F. F. Myers, was entered dismissing the petition on a plea to the jurisdiction of the court. The plea was sustained, for that the pleadings showed the same cause had been filed in the district court of Seminole county by the plaintiff against the defendants, and same had not by final judgment been disposed of.

On August 26, 1926, the instant case was filed. Some months prior thereto, the plaintiff, Myers, had as plaintiff sued the said defendant Garland in the district court of Seminole county, the petition in the district court of Seminole county pleading the identical state of alleged facts as the said petition filed herein. On the 25th day of August, 1926, the district court of Seminole county sustained a plea to the jurisdiction of that court, from which judgment the plaintiff perfected an appeal to this court, which was docketed and disposed of herein as cause No. 17811. Plaintiff contended in the district court of Seminole county that the jurisdiction lay in that county, for that, as he argued, the petition sought to vacate and set aside certain instruments affecting real estate located and situated in Seminole county.

The petition was construed as being one to declare a partnership and for an account-ing, and that since the defendant Garland was served in a county other than Seminole, the special appearance and plea to the jurisdiction ended the case. This action of the district court was on November 23, 1926, in the said cause No. 17811, sustained by this court (Myers v. Garland, 122 Okla. 71, 251 Pac. 34). The controlling proposition of law announced in the opinion of this court, as contained in the syllabus, is as follows:

"A bill in equity filed by one member of an alleged partnership against another member thereof for a declaration of the partnership, and for an accounting, in which it is charged that certain property was and is partnership property, is a transitory action, and the venue thereof is governed by section 207, C. O. S. 1921, and this is true even if an estate in real property is by the bill drawn in question, the plaintiff pleading that the estate in the real property belongs to the partnership as such. Such allegations, if traversed by the defendant in a court of competent jurisdiction, would form an issue for trial as an incident to the primary relief prayed in the bill, to wit, the declaration of the partnership, the determination of its assets, and the accounting as between the members thereof."

The opinion from which the above quotation is taken discloses that from the time plaintiff invoked the jurisdiction of the Seminole court, up to the time the said opinion was written, plaintiff was contending that his suit was in reality a suit to vacate certain instruments affecting real estate and the district court of Seminole county had exclusive jurisdiction. The decision against him on this contention has become final. On the day after the rendition of judgment by the district court of Seminole county, the same plaintiff filed in the district court of Tulsa county the instant action, the petition filed being in haec verba the same as the petition filed in Seminole county, except the style thereof.

On filing this second case, the petitioner demanded that a receiver be appointed, that an injunction be issued restraining the defendant from disposing of certain properties pending the suit. The district court of Tulsa county, as above set out, sustained a plea to its jurisdiction, and to secure a reversal thereof the plaintiff assigns as error the action of the court in sustaining such plea, the failure of the court to appoint a receiver and grant the injunction.

We deem it unnecessary to discuss this last petition, for it is, as stated supra, the

same as the one interpreted by this court in said cause No. 17811.

It is the contention of the plaintiff in this cause that the order and judgment of the district court of Tulsa county herein should now be reversed, because it has now been finally determined that the district court of Seminole county had no jurisdiction, and the defendant Garland being a resident of Tulsa county, and summons having been had upon him in the instant case in said county, his suit to declare a partnership, determine the assets, and require an accounting was properly before that court, and that the action of the district court in dismissing the same should be reversed for further proceedings.

The first contention of the plaintiff is that, as a matter of law, there was no action pending after the district court of Seminole county had entered an order dismissing plaintiff's petition, although plaintiff appealed from said order and prosecuted error in this court; and he further contends as a matter of law that the district court of Tulsa county was not justified in sustaining the plea to the jurisdiction of said court and dismissing the petition, but should have merely stayed the proceedings to await the action of this court on plaintiff's appeal from the judgment of the district court of Seminole county.

While it is true, as plaintiff contends, that the law presumes that the judgment of the district court of Seminole county dismissing plaintiff's petition was correct, yet this presumption was not a conclusive one, but was subject to be overturned by this court on the assignments of error which plaintiff himself prosecuted to reverse said judgment, in which event the district court of Seminole county would have been, from the date of the filing of the petition therein, possessed of full and exclusive jurisdiction in the very same matters pleaded in the district court of Tulsa county, and under such conditions, if the district court of Tulsa county had assumed jurisdiction, the same being invoked subsequent to the filing of the action in Seminole county, there would have been a conflict in the jurisdiction of two courts of co-ordinate powers. Such a condition has never received the sanction of this court. Parmenter v. Rowe, 87 Okla. 158, 200 Pac. 683, and cases therein cited. The records in these two appeals are susceptible of no interpretation but that the plaintiff was insisting on the same relief in the district court of Tulsa county as he was insisting this court should re-quire the district court of Seminole county to grant him. Had the district court of Tulsa county appointed a receiver, issued the injunction plaintiff sought, and this court on the rendition of its said opinion ordered the district court of Seminole county to proceed with granting this identical relief, we deem it no one would contend but what the district court of Seminole county, having acquired the prior jurisdiction, would hold it to the exclusion of the district court of Tulsa county, and this would have involved the defendant in not only troublesome, but vexatious, expensive, and unwarranted litigation. At the same time contending that the district court of Tulsa county had jurisdiction on the same alleged causes of action pleaded in the identical language, between the same parties, plaintiff was contending this court should require the Seminole county district court to retain jurisdiction and grant relief. The plaintiff having failed to secure a favorable decision of this court on his contention here, his position, as stated, is that this court should now reverse the district court of Tulsa county, in the light of the opinion in the appeal from Seminole county, and as if it had been rendered before the judgment of the district court of Tulsa county was entered.

Whether or not the judgment of the district court was erroneous must be determined upon the pleadings, no issue thereon being raised, setting forth the facts as they existed at the time the judgment was entered, and on the assignments of error, made. Action other than that taken on the record before it might have occasioned a conflict in jurisdiction, both vexatious, expensive, and annoying.

The plaintiff asserts as his second contention that the district court of Tulsa county should have merely stayed the proceedings pending the appeal in this court from Seminole county. Perhaps the ends of justice would have been better served thereby, and this should have been done had plaintiff required it; but there is nothing in the record before this court that indicates that plaintiff took this position before the trial court of Tulsa county, but, on the contrary, he insisted that that court should appoint a receiver for defendant's property and grant an injunction, thus clearly asserting that that court was possessed of full jurisdiction touching all the matters going to the merits, and could exercise the same at the very time he was contending and seeking a reversal at the hands of this court of the district court of Seminole

county, and holding it had sole and exclusive jurisdiction.

The position of a party to an action in the trial court should not be changed in this court, so as to work a reversal of the judgment of the trial court, under facts as here. Border v. Carrabine, 24 Okla. 609, 104 Pac. 906; Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209; Checotah v. Hardridge, 31 Okla. 742, 123 Pac. 846; Shawnee Nat. Bank v. Pool, 66 Okla. 145 167 Pac. 994; Ruby v. Warrior, 71 Okla. 82, 175 Pac. 355.

We are not unmindful that there are a few cases holding that if the court whose jurisdiction is first invoked had no jurisdiction, an action commenced in a court having jurisdiction would not be abated on account of the prior suit. Such cases, when properly understood, only apply this rule to actions where the want of jurisdiction in the court where the cause is first filed is obvious. This is not such a case, for the jurisdiction involved the construction of varying allegations of the petition. Again, some courts hold as to the point involved here that if the court whose jurisdiction is first invoked has jurisdiction of the subject-matter, so that it could proceed to final and valid judgment if the defendant did not raise the question of jurisdiction, the want of final determination of such first suit may be pleaded to abate an action brought in another jurisdiction.

The various rules, under varying circumstances, are well annotated in 1 C. J., page 89, section 128, and the sections following. We think the better reasoned cases lay down a rule which finds its reason and purpose to prevent a conflict of jurisdiction of courts and as a corrollary thereto, to prevent needless, expensive, and vexatious litigation to a defendant. It is in effect this: That where a plea of another action pending is interposed to work an abatement and a dismissal of a suit, the action pleaded shall be considered as pending if it is between the same parties and involves the same cause or causes of action, and is in a court which has jurisdiction of that class or character of action, and this is true, until the right of the first court invoked to hear and determine the particular cause has been finally adjudged. Merriam v. Baker, 9 Minn. 40 (Gil. 28).

Affirmed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur. CLARK. J., dissents.

Note.—See 1 C. J. p. 90, §128