2006 OK CIV APP 83

**Robert Dean McCUTCHEON,
Plaintiff/Appellant,**

**v.**

**BRITTON, RAMSEY AND GRAY, P.C.,
f/k/a Britton, Gray, Ramsey and McCutcheon, P.C., Defendant/Appellee.**

**No. 102,168.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

June 9, 2006.

Jerome S. Sepkowitz, Derryberry, Quigley, Solomon & Naifeh, Oklahoma City, OK, for Plaintiff/Appellant.

Michael D. Gray, Britton, Ramsey and Gray, P.C., Oklahoma City, OK, for Defendant/Appellee.

Opinion by BAY MITCHELL, Presiding Judge.

¶1 Plaintiff Robert Dean McCutcheon appeals from an order dismissing without prejudice his breach of contract action against Defendants Britton, Ramsey and Gray, P.C. (BR & G) because there was another action pending in federal court. McCutcheon was a former shareholder and employee of the professional corporation Britton, Gray, Ramsey and McCutcheon, P.C. The members all signed a Stock Transfer Agreement, which required any member who terminated his employment to sell his stock to the corporation as specified in the Agreement. McCutcheon voluntarily terminated his employment in November or December of 2003 and endorsed his stock over to BR & G. BR & G then deducted federal and state taxes, FICA and Medicare as if the payment was ordinary income and paid McCutcheon approximately $106,500.00. McCutcheon demanded that BR & G pay him the amount of the taxes withheld, approximately $47,800.00. McCutcheon asserted the payment was for his stock redemption, for which he would only have to pay capital gains taxes.

¶2 BR & G filed a Complaint for declaratory judgment in the Western District of Oklahoma on May 10, 2004. BR & G asked the federal court to declare that the payment was ordinary income and not capital gains. BR & G also sought attorney fees and costs, which are allowed to the prevailing party under the Agreement. McCutcheon responded with a motion to dismiss for lack of jurisdiction. On December 13, 2004, the federal court dismissed the declaratory judgment action for lack of subject matter jurisdiction. The court held the federal tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), applied because determining whether McCutcheon's payment was subject to federal withholding requirements would directly impact the amount of tax the Government could collect. BR & G timely filed a notice of appeal on January 11, 2005.[1]

¶3 *Before BR & G filed the federal appeal and on the same day the federal action was dismissed,* McCutcheon filed the current state action against BR & G for breach of contract. McCutcheon alleged BR & G breached the Stock Transfer Agreement by failing to pay him the remaining amount due of approximately $47,800.00, and failing to account for that money. He asked for damages, prejudgment and post-judgment interest, costs and attorney fees. BR & G filed a Motion to Dismiss based on 12 O.S. Supp. 2004 § 2012(B)(8), on the ground that there was another action pending in federal court. As evidence that the federal action was between the same parties and for the same claim, BR & G attached a copy of the Complaint, McCutcheon's Motion to Dismiss, the Order dismissing for lack of subject matter jurisdiction, and BR & G's Notice of Appeal. After reviewing the pleadings, the trial court dismissed this state action without prejudice. McCutcheon appeals from this order.[2]

¶4 A defendant may by motion interpose the pendency of other litigation as a

---

1. According to our appellate record, this appeal is still pending in the Tenth Circuit Court of Appeals.

2. Appellate courts review issues of law *de novo,* giving no deference to the ruling of the trial court. *Kluver v. Weatherford Hosp. Authority,* 1993 OK 85, ¶14, 859 P.2d 1081, 1084.

bar to going forward with the action being prosecuted. *State ex rel. Tal v. Norick,* 1999 OK 85, ¶ 6, 991 P.2d 999, 1001; 12 O.S. Supp.2004 § 2012(B)(8) ("Another action pending between the same parties for the same claim"). The common law rule of abatement provides background for this rule as follows:

> [W]here a plea of another action pending is interposed to work an abatement and a dismissal of a suit, the action pleaded shall be considered as pending, if it is between the same parties, and involves the same cause or causes of action, and is in a court which has jurisdiction of that class or character of action, and this is true, until the right of the first court invoked to hear and determine the particular cause has been *finally adjudged.*

*Myers v. Garland,* 1927 OK 20, ¶ 14, 252 P. 1090, 1092 (emphasis added). The purpose of the rule is to prevent a conflict of jurisdiction between courts, as well as expensive and vexatious litigation. *Id.*

¶ 5 Here, the parties to both causes of action are the same, McCutcheon and BR & G, even though their positions were reversed in the federal action. In addition, the causes of action are essentially the same, because the same amount of money withheld by BR & G to pay the taxes is at issue in both cases. In the federal case, BR & G wants a declaration that they properly withheld the money for taxes. In the state action, McCutcheon wants the same money paid to him, alleging the same act of withholding by BR & G was a breach of contract. Further, the underlying facts and the transaction at issue are the same. The termination, the corporation's policies, the payment, and the interpretation of the Agreement will be common to both cases. Thus, the cases have the same parties and the same cause of action.

¶ 6 As noted in ¶ 3 above, McCutcheon filed the instant state action subsequent to the dismissal of the federal action, but before the notice of appeal was filed. Thus, in McCutcheon's view, the federal case was not pending when the state case was filed. We disagree because a case is pending until it has been "finally adjudged," which would include a timely appeal. *Myers,* ¶ 14,

252 P. at 1092. *Myers* is factually similar to this case. The plaintiff first filed in Seminole County, but the case was dismissed on jurisdictional grounds. *Id.,* ¶ 2, 252 P. at 1090. The plaintiff then refiled the same case *the next day* in Tulsa County, and also appealed the first case. *Id.* The Court noted that if the order of dismissal was overturned on appeal, the Seminole County Court would regain full and exclusive jurisdiction. *Id.,* ¶ 9, 252 P. at 1091. Allowing the same case to proceed in Tulsa County while the Seminole County case was on appeal would create an impermissible conflict in the jurisdiction between two courts of co-ordinate powers on the same subject matter. *Id.* Thus, abatement of the second case was proper because the first case had not been "finally adjudged" until the first case was final on appeal. *Id.,* ¶ 14, 252 P. at 1091. Similarly here, the declaratory judgment was not finally adjudged, and if the Tenth Circuit reverses the dismissal, the federal court will have full jurisdiction over the same claim at issue in this case.

¶ 7 Several other courts have held that a federal court retains jurisdiction after a dismissal on jurisdictional grounds until the federal appeal is final, even if a state action is filed between the dismissal and the notice of federal appeal. *E.g., Darin v. Haven,* 175 Mich.App. 144, 437 N.W.2d 349 (1989) (pendency of action in federal appellate court warranted dismissal of state action based solely on state claims); *Beetham v. Georgia–Pacific Corp.,* 87 Or.App. 592, 743 P.2d 755, 756 (1987) (although jurisdiction passed from federal district court to appellate court, case was still pending in federal court because the merits of whether plaintiffs had standing to bring federal claims remained in dispute at the appellate level). We agree with the reasoning of these cases that filing a state action after dismissal but before the time for appeal has run does not give the state action priority over the pending federal action. This would lead to duplicate lawsuits and conflicts in jurisdiction. There is no greater reason to allow duplicate lawsuits when one of the cases is on appeal than when the cases are both still in the trial courts. *See Beetham,* 743 P.2d at 756. If an appeal is timely filed,

that case is still pending until the action is finally adjudged for the purposes of § 2012(B)(8). The trial court properly dismissed pursuant to § 2012(B)(8).

¶ 8 AFFIRMED.

BUETTNER, C.J., and ADAMS, J., concur.