2015 OK CIV APP 45

**Dr. Jayen PATEL, Plaintiff/Appellant,**

v.

**TULSA PAIN CONSULTANTS, INC., PC, Dr. Martin Martucci, M.D., Dr. Andreas Revelis, M.D., Robert Saenz, Alana Campbell, Dr. Lam Nguyen, M.D., Pat Mcfadden, and Ebondie Titworth, Defendants/Appellees.**

No. 111,568.

Court of Civil Appeals of Oklahoma, Division No. 4.

April 8, 2015.

---

Steven K. Metcalf, William H. Spitler, Mcdonald, McCann, MetCalf & Carwile, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellant.

David E. Keglovits, Erin K. Dailey, Tina N. Soin, Gablegotwals, Tulsa, Oklahoma, for Defendants/Appellees.

P. THOMAS THORNBRUGH, Judge.

¶1 Dr. Jayen Patel appeals the trial court's February 14, 2013, order granting the motion to dismiss of Defendants Tulsa Pain Consultants, Inc., P.C., Martin Martucci, M.D., Andreas Revelis, M.D., Robert Saenz, Alana Campbell, Lam Nguyen, M.D., Pat McFadden, and Ebondie Titworth. Supreme Court Rule 1.36, 12 O.S.2011, ch. 15, app. 1, guides our review of this case without appellate briefing. After examining the record on appeal, we affirm the trial court's decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On November 5, 2010, Plaintiff filed the first action against Defendants in Case No. CJ–2010–7112 (*Patel I* ). Plaintiff began his employment with Tulsa Pain Consultants, Inc. (TPC) in January 2008. According to the petition, Plaintiff and Defendants Dr. Andreas Revelis and Dr. Martin Martucci were each one-third owners/partners of TPC. Plaintiff alleges his relationship with Revelis and Martucci declined after he made the following complaints: (1) the failure of Revelis and Martucci to provide his contractual share of the company profits; (2) the redirection of funds by Revelis and Martucci to projects not benefitting TPC; and (3) the hostile work environment and sexual harassment committed by Robert Saenz. Plaintiff was terminated from TPC on May 11, 2010.

¶3 Plaintiff's petition, based on certain actions and/or inactions during the course of Plaintiff's employment, asserted claims for (1) civil conspiracy; (2) tortious interference with business; (3) tortious interference with prospective economic advantage; (4) breach of contract; (5) breach of fiduciary duty; (6) fraud in the inducement; (7) conversion; (8) "corporate waste, mismanagement of funds, self-dealing and breach of fiduciary duty" ("shareholder derivative action"); (9) negli-

gent hiring, supervision, and retention; and (10) wrongful discharge.

¶4 Defendants responded to the petition with a motion to dismiss arguing that all of Plaintiff's claims must be dismissed as a matter of law for failure to state a claim pursuant to 12 O.S. § 2012(B)(6). Plaintiff filed a response, and Defendants with leave of court filed a reply.

¶5 The trial court granted the motion to dismiss as to (1) the tortious interference with prospective economic advantage claim against all Defendants except TPC, (2) the breach of contract claim against Revelis and Martucci, (3) the conversion claim, (4) the shareholder derivative action, (5) the negligent hiring, supervision and retention claim, and (6) the wrongful discharge claim. The order did not state whether the claims were dismissed with or without prejudice.[1] Plaintiff subsequently voluntarily dismissed his remaining claims.

¶6 On April 4, 2011, Plaintiff appealed both the dismissal order and a subsequent order granting attorney fees and costs as Appeal No. 109,325. In April 2012, this Court reversed the dismissal of certain claims and remanded with directions for the trial court to "specify the deficiencies as to each claim which subject[ed] that claim to dismissal." We instructed the trial court either to "state that no amendment of the petition could cure the stated defect(s) or to set a reasonable time for Plaintiff to amend in accordance with 12 O.S. Supp.2010 § 2012(G)." Based on this conclusion, we also reversed the award to Defendants of attorney fees and costs associated with the motion to dismiss.

¶7 Meanwhile, on March 16, 2012, *before the result of Appeal No. 109,325 was issued or mandated*, Plaintiff refiled the same claims he had dismissed in *Patel I*. These claims make up the present case (*Patel II* ). Plaintiff also filed a "Motion to Stay [*Patel II* ] Pending Appeal" of *Patel I*. When Plaintiff re-filed *Patel II* pursuant to 12 O.S. § 100, *Patel I* was still pending on appeal. Plaintiff states he did not immediately serve

1. Defendants argued in their motion to dismiss that "Plaintiff's claims should be dismissed with prejudice because they could not be cured by re-

pleading." Without such a statement in the order, the dismissal is presumed to be without prejudice as set forth in 12 O.S.2011 § 684(A).

the petition in *Patel II* because he "anticipates filing a motion to consolidate this action with Patel I after the appellate decision is entered." (Emphasis omitted.) Plaintiff also argued:

> Because the claims in both actions, this action and *Patel I*, all relate to the same issues, discovery will inevitably overlap. Both actions involve the same witnesses and the same transactions, documents and other evidence. If this case is ultimately consolidated with *Patel I*, even if only for discovery purposes, it will allow the parties to take a single deposition of these witnesses, and allow the parties to make a single production of relevant documents and other evidence. It is in the interests of the parties and the court to stay this case pending the appellate decision in *Patel I* so that the parties will know the scope of discovery and allow discovery and trial of these matters to take place in the most efficient and effective manner.

¶ 8 In a minute order filed February 14, 2013, the trial court denied Plaintiff's motion to stay *Patel II* pending appeal.

¶ 9 Defendants filed a motion to dismiss the claims raised in *Patel II* pursuant to 12 O.S. § 2012(B)(8) and "Oklahoma's long-established prohibition against claim-splitting."[2] Defendants argued that because the claims alleged in *Patel I* and *Patel II* "arise out of the same operative facts," *Patel II* is barred by 12 O.S. § 2012(B)(8) and by the common law rule against claim-splitting.

¶ 10 In response, Plaintiff asked the trial court to deny Defendants' motion to dismiss because "(1) there is not another action currently pending in which Plaintiff's claim can be heard, and (2) the Oklahoma Legislature

has expressly provided that once a Plaintiff has properly filed a claim, he or she can dismiss the same *without prejudice to any future action.*"

¶ 11 Meanwhile, after the remand of *Patel I*, the trial court issued a "Clarification Order" explaining why it dismissed certain of Plaintiff's claims with prejudice. The order allowed Plaintiff to file an amended petition within 10 days pursuant to § 2012(G), with facts legally sufficient to cure other claims. Plaintiff filed a response in which he argued that the following claims were pled with sufficient facts to state a legally cognizable claim: (1) the tortious interference with prospective economic advantage claim against Martucci, Revelis, Saenz, Campbell, Nguyen, McFadden, and Titworth; (2) the breach of contract claim against Revelis and Martucci; (3) the conversion claim against Revelis and Martucci; (4) the corporate waste, mismanagement of funds, self-dealing and breach of fiduciary duty claim against Revelis and Martucci (shareholder derivative action); (5) the negligent hiring, supervision, and retention claim against TPC; and (6) the wrongful discharge claim against TPC.[3]

¶ 12 In response, Defendants argued Plaintiff's claims continue to fail as a matter of law and should be dismissed with prejudice. After reviewing Plaintiff's Notification brief and Defendants' Response brief, the trial court again dismissed with prejudice Plaintiff's remaining six claims in *Patel I*. Plaintiff appealed this decision in August 2012 as Appeal No. 111,014.

¶ 13 In Appeal No. 111,014, our second opinion concerning *Patel I*, we affirmed the trial court's dismissal with prejudice of Plaintiff's claim of tortious interference with pro-

---

**2.** In the motion to dismiss filed September 28, 2012, Defendants state in a footnote that Robert Saenz had not been served. However, a review of the trial court's docket sheet in the appellate record shows Defendants later filed a motion to dismiss on behalf of Saenz adopting the motion to dismiss filed on behalf of the other Defendants in September 2012. The docket sheet also shows an entry made on the same day on October 11, 2012, stating as to Robert Saenz: "Clerk's note: this is not an instrument/this entry is to indicate the party as served in order to remove party from 180 day dismissal docket reports." The trial court's order granting Defendants' motion to dis-

miss was entered on February 14, 2013. We will presume it was also meant to include and/or apply to Defendant Robert Saenz.

**3.** Plaintiff voluntarily dismissed the following counts in this case, CJ-2010-7112: (1) Count I—Civil Conspiracy; (2) Count II—Tortious Interference With Business; (3) Count III—Tortious Interference with Prospective Economic Advantage against TPC; (4) Count IV—Breach of Contract against TPC; (5) Count V—Breach of Fiduciary Duty; and (6) Count VI—Fraud in the Inducement.

spective economic advantage based on his business expectancy in receiving a fair valuation of the company and in receiving the benefits of his ownership interest in TPC. We also affirmed the trial court's dismissal of Plaintiff's breach of contract and shareholder derivative claims against Martucci and Revelis.

¶ 14 We reversed the trial court's dismissal of Plaintiff's claim against Defendants for tortious interference with prospective economic advantage based on Plaintiff's business relationship with existing and future patients and reversed the dismissal of Plaintiff's claims for conversion, for wrongful discharge, and for negligent hiring, supervision and retention, and remanded for further proceedings on these claims. *Patel I* continues to be litigated in the district court.

¶ 15 On February 14, 2013, the trial court granted Defendants' motion to dismiss *Patel II* on claim-splitting grounds, finding in part as follows:

> Plaintiff is correct in his argument that 12 O.S. § 683 allows for the voluntary dismissal of claims and the refilling [*sic*] of the same claims within a one year statutory period. Plaintiff is however not correct in his assertion that refilling [*sic*] a claim currently pending on appeal does not constitute claim splitting or that it was the fault of this Court that the claims were split.
>
> Title 12 O.S. § 2012(b)(8) [*sic*], requires the dismissal of an action when another action is currently pending between the same parties for the same claim. Plaintiff asserts that because the claims of *Patel I* are not pending in the same court as *Patel II* there is no issue of claim splitting and therefore it does not 'constitute "another action pending" as required by 12 O.S. § 2012(b)(8) [*sic*]. The Court does not find this argument persuasive. The comments associated with the 12 O.S. § 2012(b)(8) [*sic*] clarify the language of the statute to "dismissal of an action when the same action between the same parties

for the same claim is *pending in another court*" (emphasis added). Therefore the fact that the actions are not filed in the same court does not prevent classification of "another action pending".

> Plaintiff's argument that dismissal of this case will amount to a "dismissal with prejudice of legally sufficient claims without discussion or record of their merits" is without merit as the claims alleged in *Patel II* are identical to the claims of *Patel I*. The Plaintiff made the decision to dismiss the claims even after legal argument had been presented and an amended [petition] had been filed.

Plaintiff appeals the trial court's order of dismissal.

## STANDARD OF REVIEW

¶ 16 Whether the trial court correctly concluded that another action was pending, thus necessitating the dismissal of this action pursuant to 12 O.S.2011 § 2012(B)(8), presents a question of law. *See McCutcheon v. Britton, Ramsey and Gray, P.C.,* 2006 OK CIV APP 83, n. 2, 137 P.3d 1268 (citing *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081). Whether the trial court correctly concluded dismissal was appropriate for violation of the rule against claim splitting also presents a question of law. We review questions of law *de novo. In re Hyde,* 2011 OK 31, ¶ 8, 255 P.3d 411. Appellate courts have plenary authority to examine questions of law independently and without deference to the trial court's decision. *Eagle Bluff, L.L.C. v. Taylor,* 2010 OK 47, ¶ 9, 237 P.3d 173.

## ANALYSIS

¶ 17 Although Plaintiff presents six issues on appeal, five of those arguments essentially involve whether the trial court erred in dismissing his claims as being barred by the common law rule against claim-splitting and 12 O.S.2011 § 2012(B)(8).[4]

---

4. The sixth issue concerns whether the trial court erred in refusing to stay Plaintiff's case pending the finality of the appeal in *Patel I.* However, because the order denying Plaintiff's motion to stay is a minute order, Plaintiff does not have a

final order meeting the requirements of 12 O.S. 2011 § 696.3(A) which is "a jurisdictional prerequisite to the commencement of an appeal." 12 O.S.2011 § 696.2(D) (A minute entry "shall

¶ 18 We have recently noted the increasingly common practice of plaintiffs dismissing viable claims without prejudice in order to create appellate jurisdiction to review a decision of the district court that is not otherwise ripe for appeal. We noted in *Raven Resources, L.L.C. v. Legacy Bank*, 2009 OK CIV APP 101, 229 P.3d 1273, that where the trial court adversely adjudicates fewer than all of a plaintiff's claims, and the plaintiff subsequently voluntarily dismisses the remainder of his or her un-adjudicated claims, the prior order adversely adjudicating some but not all of a plaintiff's claims becomes final and subject to appeal. This method of obtaining appellate review of an otherwise unappealable order is not, however, without cost or hazard.

¶ 19 The plaintiffs in such a procedure essentially gamble that 1) they will receive a favorable appellate decision, leaving a remanded case in which they can refile their dismissed claims on remand; and 2) this refiling will take place either within the remaining statute of limitations, or the one-year grace period afforded by the savings statute.[5]

¶ 20 In this case, the latter requirement was in danger of expiring on some if not all claims, as almost a year had passed with no mandate in Appeal No. 111,014. Hence, Plaintiff filed a new case, attempting to preserve the voluntarily dismissed claims. We find this procedure was not effective.

## I. COMMON LAW RULE ON CLAIM–SPLITTING

¶ 21 The Oklahoma Supreme Court has held that the "rule against splitting of a cause of action is applicable to bar a second action predicated upon the same cause of action." *Lowder v. Oklahoma Farm Bureau Mut. Ins. Co.*, 1967 OK 245, ¶ 14, 436 P.2d 654. "The reasons for the rule against splitting a single cause of action have been given as including the prevention of multiplicity of suits and vexatious litigation for defendant." *Id.* ¶ 16.

¶ 22 The Oklahoma Supreme Court "has explained that a cause of action (or claim for relief) is defined using the transaction, occurrence, or wrongful act." *Chandler U.S.A., Inc. v. Tyree*, 2004 OK 16, n. 3, 87 P.3d 598 (citing *Retherford v. Halliburton Co.*, 1977 OK 178, ¶ 11, 572 P.2d 966). The Supreme Court in Retherford held:

> [T]his jurisdiction is committed to the wrongful act or transactional definition of a "cause of action." Thus, no matter how many "rights" of a potential plaintiff are violated in the course of a single wrong or occurrence, damages flowing therefrom must be sought in one suit or stand barred by the prior adjudication. We feel this approach to the concept of a cause of action best accomplishes the goals the idea was originally conceptualized to serve without sacrificing the rights of any party or the public, in the efficient administration of justice, to the interests of either plaintiffs or defendants as a class of litigants.

*Id.* ¶ 13.

¶ 23 The Restatement (Second) of Judgments, provides that "where one act causes a number of harms to, or invades a number of different interests of the same person, there is still but one transaction." Restatement (Second) of Judgments § 24, cmt. c (1982).[6] Additionally, the comments in this section state:

> When a defendant is accused of successive but nearly simultaneous acts, or acts

---

not constitute a judgment, decree or appealable order.").

**5.** *Grider v. USX Corp.*, 1993 OK 13, ¶ 25, 847 P.2d 779, notes that the operative date to trigger the one-year savings provision of § 100 is the date the judgment of dismissal became final. Therefore, if the dismissal is appealed, the one-year period does not start to run until final appellate review is complete. However, a *voluntary dismissal* by a party is *effective and final* on the date it is filed. *See Firestone Tire & Rubber v.*

*Barnett,* 1970 OK 93, ¶ 22, 475 P.2d 167. Otherwise, this Court would have no appellate jurisdiction over the remaining claims.

**6.** Oklahoma appellate courts have cited with approval the Restatement (Second) of Judgments §§ 17–26. *See Independent School Dist. No. 1 of Oklahoma County v. Scott,* 2000 OK CIV APP 121, ¶ 9, 15 P.3d 1244; *Johnson v. State ex rel. Dep't of Pub. Safety,* 2000 OK 7, ¶ 9, 2 P.3d 334 (discussing Restatement (Second) of Judgments § 24).

which though occurring over a period of time were substantially of the same sort and similarly motivated, fairness to the defendant as well as the public convenience may require that they be dealt with in the same action. The events constitute but one transaction or a connected series.

Restatement (Second) of Judgments § 24, cmt. d (1982).

¶ 24 Pursuant to the Restatement (Second) of Judgments § 25 (1982), the rule against claim splitting may operate to bar a plaintiff's claim even if in the second action plaintiff is prepared: "(1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." Comment d of this section provides:

Having been defeated on the merits in one action, a plaintiff sometimes attempts another action seeking the same or approximately the same relief but adducing a different substantive law premise or ground. This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions, and accordingly the second action should be held barred.

■ ¶ 25 We conclude *Patel II* raises the same claims arising from the same facts/transactions as *Patel I*. Clearly, both cases involve the same parties, and the allegations in both cases arise from and relate to Plaintiff's employment relationship with Defendants over the same time period for which Plaintiff seeks actual and punitive damages. Plaintiff has represented in the record that "[t]he claims brought in this lawsuit ... arise out of the same factual transaction(s) that underlie the claims on appeal in Patel I." Plaintiff states that all "of these claims relate to Plaintiff's employment relationship with TPC and his ownership interest in TPC and shareholder relationship with Defendants Revelis and Martucci." Plaintiff informed the trial court he anticipated filing a motion to consolidate this case with *Patel I* after the appellate decision was issued because "the claims in both actions all relate to the same issues, discovery" and "discovery will inevitably overlap." Plaintiff further stated that both "actions involve the same witnesses and the same transactions, documents and other evidence." We conclude Plaintiff impermissibly split his claims, subjecting *Patel II* to dismissal.

## II. Title 12 O.S.2011 § 2012(B)(8)

■ ¶ 26 Plaintiff also argues the trial court erred in dismissing his claims pursuant to 12 O.S.2011 § 2012(B)(8). This provision states:

B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . .

8. Another action pending between the same parties for the same claim;

Section 2012(B)(8) authorizes filing a motion to dismiss on the grounds of another action pending. "A defendant may by motion interpose the pendency of other litigation as a bar to going forward with the action being prosecuted." *McCutcheon v. Britton, Ramsey & Gray, P.C.*, 2006 OK CIV APP 83, ¶ 4, 137 P.3d 1268 (citing *State ex rel. Tal v. Norick*, 1999 OK 85, ¶ 6, 991 P.2d 999). The *McCutcheon* Court explained that the common law rule of abatement provides the background for the current statutory provision. The rule of abatement states:

[W]here a plea of another action pending is interposed to work an abatement and a dismissal of a suit, the action pleaded shall be considered as pending, if it is between the *same parties*, and involves the *same cause or causes of action*, and is in a court which has jurisdiction of that class or character of action, and this is true, until the right of the first court invoked to hear and determine the particular cause has been *finally adjudged*.

*Id.* (quoting *Myers v. Garland*, 1927 OK 20, ¶ 14, 252 P. 1090)(emphasis added). "The purpose of the rule is to prevent a conflict of jurisdiction between courts, as well as expensive and vexatious litigation." *Id.* After ap-

plying these principles, the *McCutcheon* Court found the federal and state cases had the same parties and same causes of action based on the same underlying facts and transactions. *Id.* ¶ 5. The Court of Civil Appeals dismissed the state action pursuant to § 2012(B)(8) because the federal case was still pending. *Id.* ¶ 7.

¶ 27 As set forth above, *Patel II* is based on the same claims and transactions as *Patel I*. Both cases involve the same parties, and the allegations in both cases arise from and relate to Plaintiff's employment relationship with Defendants over the time period for which Plaintiff seeks actual and punitive damages.

■ ¶ 28 The dispositive question is whether *Patel I* was pending when Plaintiff filed this action. When Plaintiff filed the current action on March 16, 2012, *Patel I* was pending on appeal before this Court, and our decision in that matter was issued on July 11, 2013. Therefore, when Plaintiff filed *Patel II, Patel I* had not been finally adjudicated.

¶ 29 We conclude the trial court did not err as a matter of law in dismissing this action pursuant to 12 O.S.2011 § 2012(B)(8), which requires the dismissal of an action when another action is currently pending between the same parties for the same claim.

III. Title 12 O.S. Supp.2009 § 683(1)

■ ¶ 30 Plaintiff argues he properly dismissed his claims pursuant to 12 O.S. Supp. 2009 § 683(1) which allows him to dismiss his action "without prejudice to a future action" before "final submission of the case to the jury, or to the court." Plaintiff contends he then timely refiled his action as allowed by "12 O.S. § 100." We agree with Plaintiff that § 683 permits a plaintiff to dismiss his case voluntarily "without prejudice to a future action" and that § 100 allows him to refile that action within a year of that dismissal. However, the filing or refiling of any action is always subject to affirmative defenses pled by a defendant. In this case, Defendants filed a motion to dismiss based on the prohibition against claim splitting and on 12 O.S.2011 § 2012(B)(8). *Empire Oil & Ref. Co. v. Chapman*, 1938 OK 253, ¶ 0, 79 P.2d 608 ("The rule against splitting causes of action is for the benefit of defendant, who may expressly or impliedly waive its benefits.")(syl. no. 2 by the court). We cannot conclude the trial court erred in granting Defendants' motion to dismiss.

## CONCLUSION

¶ 31 After considering the record, the arguments of the parties, and relevant law, we conclude that the trial court correctly granted Defendants' motion to dismiss and we affirm its order.

¶ 32 **AFFIRMED.**

BARNES, J., and FISCHER, J. (sitting by designation), concur.