OSCN Found Document:PATEL v. TULSA PAIN CONSULTANTS, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PATEL v. TULSA PAIN CONSULTANTS, INC.
2015 OK CIV APP 45
348 P.3d 1117
Case Number: 111568
Decided: 04/08/2015
Mandate Issued: 05/20/2015
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 45, 348 P.3d 1117

 

DR. JAYEN PATEL, Plaintiff/Appellant,
v.
TULSA PAIN 
CONSULTANTS, INC., PC, DR. MARTIN MARTUCCI, M.D., DR. ANDREAS REVELIS, M.D., 
ROBERT SAENZ, ALANA CAMPBELL, DR. LAM NGUYEN, M.D., PAT McFADDEN, and EBONDIE 
TITWORTH, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA
HONORABLE DANA L. KUEHN, TRIAL JUDGE

AFFIRMED

Steven K. Metcalf, William H. Spitler, McDONALD, McCANN, METCALF & 
CARWILE, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellant
David E. Keglovits, 
Erin K. Dailey, Tina N. Soin, GABLEGOTWALS, Tulsa, Oklahoma, for 
Defendants/Appellees


P. THOMAS THORNBRUGH, JUDGE:
¶1 Dr. Jayen Patel appeals the trial court's February 14, 2013, order 
granting the motion to dismiss of Defendants Tulsa Pain Consultants, Inc., P.C., 
Martin Martucci, M.D., Andreas Revelis, M.D., Robert Saenz, Alana Campbell, Lam 
Nguyen, M.D., Pat McFadden, and Ebondie Titworth. Supreme Court Rule 1.36, 12 
O.S.2011, ch. 15, app. 1, guides our review of this case without appellate 
briefing. After examining the record on appeal, we affirm the trial court's 
decision.
FACTS AND PROCEDURAL BACKGROUND
¶2 On November 5, 2010, Plaintiff filed the first action against Defendants 
in Case No. CJ-2010-7112 (Patel I). Plaintiff began his employment with 
Tulsa Pain Consultants, Inc. (TPC) in January 2008. According to the petition, 
Plaintiff and Defendants Dr. Andreas Revelis and Dr. Martin Martucci were each 
one-third owners/partners of TPC. Plaintiff alleges his relationship with 
Revelis and Martucci declined after he made the following complaints: (1) the 
failure of Revelis and Martucci to provide his contractual share of the company 
profits; (2) the redirection of funds by Revelis and Martucci to projects not 
benefitting TPC; and (3) the hostile work environment and sexual harassment 
committed by Robert Saenz. Plaintiff was terminated from TPC on May 11, 
2010.
¶3 Plaintiff's petition, based on certain actions and/or inactions during the 
course of Plaintiff's employment, asserted claims for (1) civil conspiracy; (2) 
tortious interference with business; (3) tortious interference with prospective 
economic advantage; (4) breach of contract; (5) breach of fiduciary duty; (6) 
fraud in the inducement; (7) conversion; (8) "corporate waste, mismanagement of 
funds, self-dealing and breach of fiduciary duty" ("shareholder derivative 
action"); (9) negligent hiring, supervision, and retention; and (10) wrongful 
discharge.
¶4 Defendants responded to the petition with a motion to dismiss arguing that 
all of Plaintiff's claims must be dismissed as a matter of law for failure to 
state a claim pursuant to 12 O.S. § 
2012(B)(6). Plaintiff filed a response, and Defendants with leave of court 
filed a reply.
¶5 The trial court granted the motion to dismiss as to (1) the tortious 
interference with prospective economic advantage claim against all Defendants 
except TPC, (2) the breach of contract claim against Revelis and Martucci, (3) 
the conversion claim, (4) the shareholder derivative action, (5) the negligent 
hiring, supervision and retention claim, and (6) the wrongful discharge claim. 
The order did not state whether the claims were dismissed with or without 
prejudice.[1] 
Plaintiff subsequently voluntarily dismissed his remaining claims.
¶6 On April 4, 2011, Plaintiff appealed both the dismissal order and a 
subsequent order granting attorney fees and costs as Appeal No. 109,325. In 
April 2012, this Court reversed the dismissal of certain claims and remanded 
with directions for the trial court to "specify the deficiencies as to each 
claim which subject[ed] that claim to dismissal." We instructed the trial court 
either to "state that no amendment of the petition could cure the stated 
defect(s) or to set a reasonable time for Plaintiff to amend in accordance with 
12 O.S. Supp. 2010 § 2012(G)." 
Based on this conclusion, we also reversed the award to Defendants of attorney 
fees and costs associated with the motion to dismiss.
¶7 Meanwhile, on March 16, 2012, before the result of Appeal No. 109,325 
was issued or mandated, Plaintiff refiled the same claims he had dismissed 
in Patel I. These claims make up the present case (Patel II). 
Plaintiff also filed a "Motion to Stay [Patel II] Pending Appeal" of 
Patel I. When Plaintiff re-filed Patel II pursuant to 12 O.S. § 100, Patel I was 
still pending on appeal. Plaintiff states he did not immediately serve the 
petition in Patel II because he "anticipates filing a motion to 
consolidate this action with Patel I after the appellate decision is entered." 
(Emphasis omitted.) Plaintiff also argued:

 
 Because the claims in both actions, this action and Patel I, all 
 relate to the same issues, discovery will inevitably overlap. Both actions 
 involve the same witnesses and the same transactions, documents and other 
 evidence. If this case is ultimately consolidated with Patel I, even 
 if only for discovery purposes, it will allow the parties to take a single 
 deposition of these witnesses, and allow the parties to make a single 
 production of relevant documents and other evidence. It is in the interests 
 of the parties and the court to stay this case pending the appellate 
 decision in Patel I so that the parties will know the scope of 
 discovery and allow discovery and trial of these matters to take place in 
 the most efficient and effective manner.
¶8 In a minute order filed February 14, 2013, the trial court denied 
Plaintiff's motion to stay Patel II pending appeal.
¶9 Defendants filed a motion to dismiss the claims raised in Patel II 
pursuant to 12 O.S. § 2012(B)(8) 
and "Oklahoma's long-established prohibition against claim-splitting."[2] Defendants 
argued that because the claims alleged in Patel I and Patel 
II "arise out of the same operative facts," Patel II is barred by 
12 O.S. § 2012(B)(8) and by the 
common law rule against claim-splitting.
¶10 In response, Plaintiff asked the trial court to deny Defendants' motion 
to dismiss because "(1) there is not another action currently pending in which 
Plaintiff's claim can be heard, and (2) the Oklahoma Legislature has expressly 
provided that once a Plaintiff has properly filed a claim, he or she can dismiss 
the same without prejudice to any future action."
¶11 Meanwhile, after the remand of Patel I, the trial court issued a 
"Clarification Order" explaining why it dismissed certain of Plaintiff's claims 
with prejudice. The order allowed Plaintiff to file an amended petition within 
10 days pursuant to § 2012(G), with facts legally sufficient to cure other 
claims. Plaintiff filed a response in which he argued that the following claims 
were pled with sufficient facts to state a legally cognizable claim: (1) the 
tortious interference with prospective economic advantage claim against 
Martucci, Revelis, Saenz, Campbell, Nguyen, McFadden, and Titworth; (2) the 
breach of contract claim against Revelis and Martucci; (3) the conversion claim 
against Revelis and Martucci; (4) the corporate waste, mismanagement of funds, 
self-dealing and breach of fiduciary duty claim against Revelis and Martucci 
(shareholder derivative action); (5) the negligent hiring, supervision, and 
retention claim against TPC; and (6) the wrongful discharge claim against TPC.[3]
¶12 In response, Defendants argued Plaintiff's claims continue to fail as a 
matter of law and should be dismissed with prejudice. After reviewing 
Plaintiff's Notification brief and Defendants' Response brief, the trial court 
again dismissed with prejudice Plaintiff's remaining six claims in Patel 
I. Plaintiff appealed this decision in August 2012 as Appeal No. 
111,014.
¶13 In Appeal No. 111,014, our second opinion concerning Patel I, we 
affirmed the trial court's dismissal with prejudice of Plaintiff's claim of 
tortious interference with prospective economic advantage based on his business 
expectancy in receiving a fair valuation of the company and in receiving the 
benefits of his ownership interest in TPC. We also affirmed the trial court's 
dismissal of Plaintiff's breach of contract and shareholder derivative claims 
against Martucci and Revelis.
¶14 We reversed the trial court's dismissal of Plaintiff's claim against 
Defendants for tortious interference with prospective economic advantage based 
on Plaintiff's business relationship with existing and future patients and 
reversed the dismissal of Plaintiff's claims for conversion, for wrongful 
discharge, and for negligent hiring, supervision and retention, and remanded for 
further proceedings on these claims. Patel I continues to be litigated in 
the district court.
¶15 On February 14, 2013, the trial court granted Defendants' motion to 
dismiss Patel II on claim-splitting grounds, finding in part as 
follows:

 
 Plaintiff is correct in his argument that 12 O.S. § 683 allows for the 
 voluntary dismissal of claims and the refilling [sic] of the same 
 claims within a one year statutory period. Plaintiff is however not correct 
 in his assertion that refilling [sic] a claim currently pending on 
 appeal does not constitute claim splitting or that it was the fault of this 
 Court that the claims were split.
 Title 12 O.S. § 2012(b)(8) 
 [sic], requires the dismissal of an action when another action is 
 currently pending between the same parties for the same claim. Plaintiff 
 asserts that because the claims of Patel I are not pending in the 
 same court as Patel II there is no issue of claim splitting and 
 therefore it does not constitute "another action pending" as required by 12 O.S. § 2012(b)(8) 
 [sic]. The Court does not find this argument persuasive. The comments 
 associated with the 12 O.S. § 
 2012(b)(8) [sic] clarify the language of the statute to 
 "dismissal of an action when the same action between the same parties for 
 the same claim is pending in another court" (emphasis added). 
 Therefore the fact that the actions are not filed in the same court does not 
 prevent classification of "another action pending".
 Plaintiff's argument that dismissal of this case will amount to a 
 "dismissal with prejudice of legally sufficient claims without discussion or 
 record of their merits" is without merit as the claims alleged in Patel 
 II are identical to the claims of Patel I. The Plaintiff made the 
 decision to dismiss the claims even after legal argument had been presented 
 and an amended [petition] had been filed.
Plaintiff appeals the trial court's order of dismissal.
STANDARD OF REVIEW
¶16 Whether the trial court correctly concluded that another action was 
pending, thus necessitating the dismissal of this action pursuant to 12 O.S.2011§ 2012(B)(8), presents a 
question of law. See McCutcheon v. Britton, Ramsey and Gray, P.C., 2006 OK CIV APP 83, n.2, 137 P.3d 1268 (citing Kluver v. 
Weatherford Hosp. Auth., 1993 OK 
85, ¶ 14, 859 P.2d 1081). 
Whether the trial court correctly concluded dismissal was appropriate for 
violation of the rule against claim splitting also presents a question of law. 
We review questions of law de novo. In re Hyde, 2011 OK 31, ¶ 8, 255 P.3d 411. Appellate courts have 
plenary authority to examine questions of law independently and without 
deference to the trial court's decision. Eagle Bluff, L.L.C. v. Taylor, 
2010 OK 47, ¶ 9, 237 P.3d 173.
ANALYSIS
¶17 Although Plaintiff presents six issues on appeal, five of those arguments 
essentially involve whether the trial court erred in dismissing his claims as 
being barred by the common law rule against claim-splitting and 12 O.S.2011 § 2012(B)(8).[4]
¶18 We have recently noted the increasingly common practice of plaintiffs 
dismissing viable claims without prejudice in order to create appellate 
jurisdiction to review a decision of the district court that is not otherwise 
ripe for appeal. We noted in Raven Resources, L.L.C. v. Legacy Bank, 2009 OK CIV APP 101, 229 P.3d 1273, that where the trial 
court adversely adjudicates fewer than all of a plaintiff's claims, and the 
plaintiff subsequently voluntarily dismisses the remainder of his or her 
un-adjudicated claims, the prior order adversely adjudicating some but not all 
of a plaintiff's claims becomes final and subject to appeal. This method of 
obtaining appellate review of an otherwise unappealable order is not, however, 
without cost or hazard.
¶19 The plaintiffs in such a procedure essentially gamble that 1) they will 
receive a favorable appellate decision, leaving a remanded case in which they 
can refile their dismissed claims on remand; and 2) this refiling will take 
place either within the remaining statute of limitations, or the one-year grace 
period afforded by the savings statute.[5]
¶20 In this case, the latter requirement was in danger of expiring on some if 
not all claims, as almost a year had passed with no mandate in Appeal No. 
111,014. Hence, Plaintiff filed a new case, attempting to preserve the 
voluntarily dismissed claims. We find this procedure was not effective.
I. COMMON LAW RULE ON CLAIM-SPLITTING
¶21 The Oklahoma Supreme Court has held that the "rule against splitting of a 
cause of action is applicable to bar a second action predicated upon the same 
cause of action." Lowder v. Oklahoma Farm Bureau Mut. Ins. Co., 1967 OK 245, ¶ 14, 436 P.2d 654. "The reasons for the 
rule against splitting a single cause of action have been given as including the 
prevention of multiplicity of suits and vexatious litigation for defendant." 
Id. ¶ 16.
¶22 The Oklahoma Supreme Court "has explained that a cause of action (or 
claim for relief) is defined using the transaction, occurrence, or wrongful 
act." Chandler U.S.A., Inc. v. Tyree, 2004 OK 16, n.3, 87 P.3d 598 (citing Retherford 
v. Halliburton Co., 1977 OK 
178, ¶ 11, 572 P.2d 966). The 
Supreme Court in Retherford held:

 
 [T]his jurisdiction is committed to the wrongful act or transactional 
 definition of a "cause of action." Thus, no matter how many "rights" of a 
 potential plaintiff are violated in the course of a single wrong or 
 occurrence, damages flowing therefrom must be sought in one suit or stand 
 barred by the prior adjudication. We feel this approach to the concept of a 
 cause of action best accomplishes the goals the idea was originally 
 conceptualized to serve without sacrificing the rights of any party or the 
 public, in the efficient administration of justice, to the interests of 
 either plaintiffs or defendants as a class of 
litigants.
Id. ¶ 13.
¶23 The Restatement (Second) of Judgments, provides that "where one act 
causes a number of harms to, or invades a number of different interests of the 
same person, there is still but one transaction." Restatement (Second) of 
Judgments § 24, cmt. c (1982).[6] Additionally, the comments in this section 
state:

 
 When a defendant is accused of successive but nearly simultaneous acts, 
 or acts which though occurring over a period of time were substantially of 
 the same sort and similarly motivated, fairness to the defendant as well as 
 the public convenience may require that they be dealt with in the same 
 action. The events constitute but one transaction or a connected 
 series.
Restatement (Second) of Judgments § 24, cmt. d (1982).
¶24 Pursuant to the Restatement (Second) of Judgments § 25 (1982), the rule 
against claim splitting may operate to bar a plaintiff's claim even if in the 
second action plaintiff is prepared: "(1) To present evidence or grounds or 
theories of the case not presented in the first action, or (2) To seek remedies 
or forms of relief not demanded in the first action." Comment d of this section 
provides:

 
 Having been defeated on the merits in one action, a plaintiff sometimes 
 attempts another action seeking the same or approximately the same relief 
 but adducing a different substantive law premise or ground. This does not 
 constitute the presentation of a new claim when the new premise or ground is 
 related to the same transaction or series of transactions, and accordingly 
 the second action should be held barred.
¶25 We conclude Patel II raises the same claims arising from the same 
facts/transactions as Patel I. Clearly, both cases involve the same 
parties, and the allegations in both cases arise from and relate to Plaintiff's 
employment relationship with Defendants over the same time period for which 
Plaintiff seeks actual and punitive damages. Plaintiff has represented in the 
record that "[t]he claims brought in this lawsuit . . . arise out of the same 
factual transaction(s) that underlie the claims on appeal in Patel I." Plaintiff 
states that all "of these claims relate to Plaintiff's employment relationship 
with TPC and his ownership interest in TPC and shareholder relationship with 
Defendants Revelis and Martucci." Plaintiff informed the trial court he 
anticipated filing a motion to consolidate this case with Patel I after 
the appellate decision was issued because "the claims in both actions all relate 
to the same issues, discovery" and "discovery will inevitably overlap." 
Plaintiff further stated that both "actions involve the same witnesses and the 
same transactions, documents and other evidence." We conclude Plaintiff 
impermissibly split his claims, subjecting Patel II to dismissal.
II. Title 12 O.S.2011 
§ 2012(B)(8)
¶26 Plaintiff also argues the trial court erred in dismissing his claims 
pursuant to 12 O.S.2011 § 
2012(B)(8). This provision states:

 
 B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in 
 any pleading, whether a claim, counterclaim, cross-claim, or third-party 
 claim, shall be asserted in the responsive pleading thereto if one is 
 required, except that the following defenses may at the option of the 
 pleader be made by motion:
. . . .
8. Another action pending between 
 the same parties for the same claim;
Section 2012(B)(8) authorizes filing a motion to dismiss on the grounds of 
another action pending. "A defendant may by motion interpose the pendency of 
other litigation as a bar to going forward with the action being prosecuted." 
McCutcheon v. Britton, Ramsey & Gray, P.C., 2006 OK CIV APP 83, ¶ 4, 137 P.3d 1268 (citing State ex 
rel. Tal v. Norick, 1999 OK 
85, ¶ 6, 991 P.2d 991). The McCutcheon Court explained that the 
common law rule of abatement provides the background for the current statutory 
provision. The rule of abatement states:

 
 [W]here a plea of another action pending is interposed to work an 
 abatement and a dismissal of a suit, the action pleaded shall be considered 
 as pending, if it is between the same parties, and involves the 
 same cause or causes of action, and is in a court which has 
 jurisdiction of that class or character of action, and this is true, until 
 the right of the first court invoked to hear and determine the particular 
 cause has been finally adjudged.
Id. (quoting Myers v. Garland, 1927 OK 20, ¶ 14, 252 P. 1090)(emphasis added). "The 
purpose of the rule is to prevent a conflict of jurisdiction between courts, as 
well as expensive and vexatious litigation." Id. After applying these 
principles, the McCutcheon Court found the federal and state cases had 
the same parties and same causes of action based on the same underlying facts 
and transactions. Id. ¶ 5. The Court of Civil Appeals dismissed the state 
action pursuant to § 2012(B)(8) because the federal case was still pending. 
Id. ¶ 7.
¶27 As set forth above, Patel II is based on the same claims and 
transactions as Patel I. Both cases involve the same parties, and the 
allegations in both cases arise from and relate to Plaintiff's employment 
relationship with Defendants over the time period for which Plaintiff seeks 
actual and punitive damages.
¶28 The dispositive question is whether Patel I was pending when 
Plaintiff filed this action. When Plaintiff filed the current action on March 
16, 2012, Patel I was pending on appeal before this Court, and our 
decision in that matter was issued on July 11, 2013. Therefore, when Plaintiff 
filed Patel II, Patel I had not been finally adjudicated.
¶29 We conclude the trial court did not err as a matter of law in dismissing 
this action pursuant to 12 O.S.2011 § 
2012(B)(8), which requires the dismissal of an action when another action is 
currently pending between the same parties for the same claim.
III. Title 12 O.S. 
Supp. 2009 § 683(1)
¶30 Plaintiff argues he properly dismissed his claims pursuant to 12 O.S. Supp. 2009 § 683(1) which 
allows him to dismiss his action "without prejudice to a future action" before 
"final submission of the case to the jury, or to the court." Plaintiff contends 
he then timely refiled his action as allowed by "12 O.S. § 100." We agree with 
Plaintiff that § 683 permits a plaintiff to dismiss his case voluntarily 
"without prejudice to a future action" and that § 100 allows him to refile that 
action within a year of that dismissal. However, the filing or refiling of any 
action is always subject to affirmative defenses pled by a defendant. In this 
case, Defendants filed a motion to dismiss based on the prohibition against 
claim splitting and on 12 O.S.2011 § 
2012(B)(8). Empire Oil & Ref. Co. v. Chapman, 1938 OK 253, ¶ 0, 79 P.2d 608 ("The rule against 
splitting causes of action is for the benefit of defendant, who may expressly or 
impliedly waive its benefits.")(syl. no. 2 by the court). We cannot conclude the 
trial court erred in granting Defendants' motion to dismiss.
CONCLUSION
¶31 After considering the record, the arguments of the parties, and relevant 
law, we conclude that the trial court correctly granted Defendants' motion to 
dismiss and we affirm its order.

¶32 AFFIRMED.

BARNES, J., and FISCHER, J. (sitting by designation), concur.

FOOTNOTES

[1] 
Defendants argued in their motion to dismiss that "Plaintiff's claims should be 
dismissed with prejudice because they could not be cured by re-pleading." 
Without such a statement in the order, the dismissal is presumed to be without 
prejudice as set forth in 12 
O.S.2011 § 684(A).

[2] In the 
motion to dismiss filed September 28, 2012, Defendants state in a footnote that 
Robert Saenz had not been served. However, a review of the trial court's docket 
sheet in the appellate record shows Defendants later filed a motion to dismiss 
on behalf of Saenz adopting the motion to dismiss filed on behalf of the other 
Defendants in September 2012. The docket sheet also shows an entry made on the 
same day on October 11, 2012, stating as to Robert Saenz: "Clerk's note: this is 
not an instrument/this entry is to indicate the party as served in order to 
remove party from 180 day dismissal docket reports." The trial court's order 
granting Defendants' motion to dismiss was entered on February 14, 2013. We will 
presume it was also meant to include and/or apply to Defendant Robert 
Saenz.

[3] 
Plaintiff voluntarily dismissed the following counts in this case, CJ-2010-7112: 
(1) Count I--Civil Conspiracy; (2) Count II--Tortious Interference With 
Business; (3) Count III--Tortious Interference with Prospective Economic 
Advantage against TPC; (4) Count IV--Breach of Contract against TPC; (5) Count 
V--Breach of Fiduciary Duty; and (6) Count VI--Fraud in the 
Inducement.

[4] The 
sixth issue concerns whether the trial court erred in refusing to stay 
Plaintiff's case pending the finality of the appeal in Patel I. However, 
because the order denying Plaintiff's motion to stay is a minute order, 
Plaintiff does not have a final order meeting the requirements of 12 O.S.2011 § 696.3(A) which is "a 
jurisdictional prerequisite to the commencement of an appeal." 12 O.S.2011 § 696.2(D)(A minute 
entry "shall not constitute a judgment, decree or appealable order.").

[5] 
Grider v. USX Corp., 1993 OK 
13, ¶ 25, 847 P.2d 779, notes 
that the operative date to trigger the one-year savings provision of § 100 is 
the date the judgment of dismissal became final. Therefore, if the 
dismissal is appealed, the one-year period does not start to run until final 
appellate review is complete. However, a voluntary dismissal by a party 
is effective and final on the date it is filed. See Firestone Tire 
& Rubber v. Barnett, 1970 OK 
93, ¶ 22, 457 P.2d 167. Otherwise, this Court would have no appellate 
jurisdiction over the remaining claims.

[6] 
Oklahoma appellate courts have cited with approval the Restatement (Second) of 
Judgments §§ 17-26. See Independent School Dist. No. 1 of Oklahoma County v. 
Scott, 2000 OK CIV APP 121, ¶ 
9, 15 P.3d 1244; Johnson 
v. State ex rel. Dep't of Pub. Safety, 2000 OK 7, ¶ 9, 2 P.3d 334 (discussing Restatement 
(Second) of Judgments § 24).





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2000 OK CIV APP 121, 15 P.3d 1244, 71 OBJ 3273, INDEPENDENT SCHOOL DIST. NO. 1 v. SCOTT
Discussed
 2006 OK CIV APP 83, 137 P.3d 1268, McCUTCHEON v. BRITTON, RAMSEY AND GRAY, P.C.
Discussed at Length
 2009 OK CIV APP 101, 229 P.3d 1273, RAVEN RESOURCES, L.L.C. v. LEGACY BANK
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 13, 847 P.2d 779, 64 OBJ 597, Grider v. USX Corp.
Discussed
 1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, Kluver v. Weatherford Hosp. Authority
Discussed
 1938 OK 253, 79 P.2d 608, 182 Okla. 639, EMPIRE OIL & REF. CO. v. CHAPMAN
Discussed
 1999 OK 85, 991 P.2d 999, 70 OBJ 3142, State ex rel. Tal v. Norick
Cited
 1967 OK 245, 436 P.2d 654, LOWDER v. OKLAHOMA FARM BUREAU MUTUAL INS. CO.
Discussed
 1970 OK 93, 475 P.2d 167, FIRESTONE TIRE & RUBBER COMPANY v. BARNETT
Cited
 2004 OK 16, 87 P.3d 598, CHANDLER (U.S.A.), INC. v. TYREE
Discussed
 2010 OK 47, 237 P.3d 173, EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed
 2011 OK 31, 255 P.3d 411, IN THE MATTER OF THE DEATH OF HYDE
Discussed
 1977 OK 178, 572 P.2d 966, RETHERFORD v. HALLIBURTON CO.
Discussed
 2000 OK 7, 2 P.3d 334, 71 OBJ 404, Johnson v. State ex. rel. Dept. of Public Safety
Discussed
 1927 OK 20, 252 P. 1090, 122 Okla. 157, MYERS v. GARLAND
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 683, Dismissal without Prejudice
Discussed at Length
 12 O.S. 684, Dismissal before Trial Commenced without Court Order
Cited
 12 O.S. 100, Limitation of New Action after Reversal or Failure Otherwise than on Merits
Discussed
 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Cited
 12 O.S. 696.3, Judgments, Decrees and Appealable Orders That are Filed Should Contain the Following
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed at Length