2017 OK CIV APP 66

**Rodney ROTERT, dba D&R Fab, Plaintiff/Counter–Defendant/Appellant,**

v.

**ROTERT, a Pennsylvania Corporation, Philadelphia Indemnity Insurance Company, a Pennsylvania Corporation, Defendants/Counter–Claimants/Appellees,**

and

**Copart, Inc., an Oklahoma Corporation, Copart Auto Auctions, an Oklahoma Corporation, Copart of Oklahoma, Inc., an Oklahoma Corporation, The City of Tulsa, a Municipal Corporation, J.J. Gray, an Individual, Rick Eberle, an Individual and John Does 1 Through 5, Defendants.**

**Case Number: 115908**

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided: 06/02/2017

Mandate Issued: 12/05/2017

Mark D. Lyons, LYONS & CLARK, INC., Tulsa, Oklahoma, for Plaintiff/Counter–Defendant/Appellant,

Jed W. Isbell, CONNER & WINTERS, LLP, Tulsa, Oklahoma, for Defendant/Counter–Claimant/Appellee.

Kenneth L. Buettner, Chief Judge

¶ 1 Plaintiff/Counter–Defendant/Appellant Rodney Rotert, dba D&R Fab, appeals from the trial court's grant of summary judgment in favor of Defendants/Counter–Claimants/Appellees Philadelphia Insurance Companies and Philadelphia Indemnity Insurance Company (collectively, Insurer). Insurer argues Rotert's Petition in Error was untimely filed. Rotert filed his Petition in Error more than thirty days after the trial court's Journal Entry of Final Judgment, which included a finding that there was no just reason for delay and directed that it was a final judgment. The appeal time had expired before Rotert filed his Petition in Error and we therefore dismiss this appeal.

¶ 2 In his August 2010 Amended Petition, Rotert asserted he was the lawful owner of a car seized by Tulsa Police officers, including Defendants Gray and Eberle, in May 2009 and listed for sale by Defendant Copart. Rotert alleged Insurer claimed ownership of the car and directed police to seize it. Rotert asserted claims for conversion against Insur-er and Defendants John Does 1–5; conspiracy and abuse of process against Insurer, the City of Tulsa, Eberle, Gray and the John Does; and replevin against Insurer and Copart; denial of civil rights against Insurer, Eberle, Gray and the John Does. Rotert finally sought a temporary restraining order and permanent injunction. Insurer counterclaimed seeking a declaratory judgment and making claims for conversion, abuse of process, and negligence.

¶ 3 The parties all filed motions for summary judgment and responses over the next several years, which included a gap during the automatic stay imposed by Rotert's bankruptcy proceeding. The trial court issued a minute order August 9, 2016, in which it granted summary judgment in favor of Insurer on its claim for a declaratory judgment and on all of Rotert's claims against Insurer. Rotert filed a motion to reconsider the order granting summary judgment. Insurer filed a response and Rotert replied.

¶ 4 The trial court docket shows Insurer filed its Motion to Settle Journal Entry August 25, 2016, to which it attached a proposed Journal Entry including the language "there is no just reason for delay and this is a final judgment."[1] The docket also shows Rotert filed a response to the Motion to Settle Journal Entry in which he urged the trial court not to enter a journal entry until ruling on his motion to reconsider. Rotert did not object to the language of Insurer's proposed journal entry.

¶ 5 Hearing on the Motion to Settle Journal Entry was held October 24, 2016 and the trial court filed its Journal Entry of Final Judgment the same day. The journal entry ordered that judgment was entered in favor of Insurer on all the claims filed against it by Rotert and that judgment was entered in favor of Insurer and against Rotert on Insurer's counterclaim for declaratory judgment. The Journal Entry lastly provided:

1. Oklahoma Supreme Court Rule 1.1(d) provides, in part:
    The court may review information found on Oklahoma district court appearance dockets posted on ... www.oscn.net or www.odcr.
com, or on the Oklahoma Unified Case Management System (OUCMS) in order to enhance the court's ability to inquire into and protect its jurisdiction....
12 O.S.Supp.2013 Ch. 15, App. 1.

It is further ordered, adjudged and decreed that there is no just reason for delay and that this is a final judgment in favor of (Insurer) and against ... Rotert ....

The Journal Entry was signed by the trial court and approved as to form and signed by counsel for Insurer, the City of Tulsa, and Rotert. The docket sheet shows the trial court also denied Rotert's motion to reconsider, granted Insurer's motion to settle journal entry, and denied Rotert's motion for summary judgment the same day.

¶ 6 Rotert filed his Motion to Certify Ruling for Interlocutory Appeal and/or Motion for Final Order November 2, 2016. Insurer responded November 21, 2016, arguing the October 24, 2016 Journal Entry included the trial court's finding there was no just reason for delay and that it was a final order.[2] Following a hearing held February 22, 2017, the trial court entered its Final Judgment March 2, 2017, in which it "formally certified" the judgment for appeal.

¶ 7 An appeal from a final judgment of a district court must be commenced by filing a petition in error within thirty days from the date the judgment was filed in the district court. Okla.Sup.Ct.Rule 1.21(a). Rotert filed his Petition in Error March 29, 2017. Insurer filed a response along with a motion to dismiss the appeal as being untimely filed. In its motion to dismiss, Insurer argued that Rotert did not file his Petition in Error within thirty days of the October 24, 2016 Journal Entry of Final Judgment. At issue is whether that decision was a final, appealable order which triggered the running of the appeal time.

¶ 8 It is undisputed that the October 24, 2016 Journal Entry of Final Judgment did not dispose of all the claims or all the parties.

A. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the preparation and filing of a final judgment, decree, or final order as to one or more but fewer than all of the claims or parties only upon*

an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment, decree, or final order. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

12 O.S.2011 § 994 (emphasis added).

¶ 9 Rotert contends that § 994(A) requires the trial court to direct a later document be prepared to include the findings that there is no just reason for delay and that the judgment is final. We disagree. The certification language is often in the final order itself. As noted by the Oklahoma Supreme Court:

The provisions of [§ 994] required that a final decision on one but not on all claims can be advanced by the trial judge for immediate appeal *only by an express determination, included in the journal entry, that there is no reason for delay, coupled with an express direction for the filing of "judgment".*

*Tinker Inv. & Mortg. Corp. v. City of Midwest City*, 1994 OK 41, 873 P.2d 1029, 1035 (emphasis added).

¶ 10 Rotert has not suggested that any other action occurred in the case after the October 24, 2016 Journal Entry of Final Judgment apart from his motion to certify that order as a final order; necessarily, we see no reason the case could not have been certified on October 24, 2016. Rotert also argues that the final order language was "gratuitous form language" rather than an indication that the trial court intended to certify the case for immediate review. The record shows, however, that the October 24, 2016 Journal Entry was entered following a hearing and it includes crossed-thru para-

2. Because Insurer asserted this argument within thirty days of the journal entry, Rotert was aware

of the issue and could have timely filed a petition in error to protect his right to appeal.

graphs initialed by counsel for Rotert and Insurer as well as the trial court. The trial court could have crossed-thru the final order paragraph if it did not intend for the Journal Entry to be a final judgment.

¶ 11 Nothing in the record suggests this case was not appropriate for certification.

> In multi-party/multi-claim cases, advancement of orders pursuant to ... § 994 requires that: 1) the order be final and *fully dispose of one complete claim (or more), leaving no unresolved issue on the merits of the claim*; and 2) a determination of "no just reason for delay" in advancing the order prior to an adjudication of all remaining claims.

*Oklahoma City Urban Renewal Authority v. City of Oklahoma City*, 2005 OK 2, ¶ 17, 110 P.3d 550. Plainly the October 24, 2016 Journal Entry *fully disposed of all* of Rotert's claims against Insurer. The Journal Entry included the two requirements of § 994(A)—a finding of no just reason for delay and a direction that it was a final judgment—and we are constrained to conclude that the Journal Entry triggered the appeal time. The trial court's later-filed Final Judgment Order Granting (Rotert's) Motion for Entry of a Final Appealable Order ... could not extend the time to appeal. "Once an appealable event has occurred, a trial judge is utterly without authority to extend appeal time by any means ...." *Bivins v. State ex rel. Oklahoma Memorial Hosp.*, 1996 OK 5, 917 P.2d 456, n. 34.

¶ 12 Rotert's Petition in Error was untimely filed and accordingly, this appeal is DISMISSED.

MITCHELL, P.J., and SWINTON, J., concur.